CLARENCE E. McMANUS, Judge.
| aThis is an appeal from the trial court’s grant of an exception of prescription dismissing plaintiffs’ petition, and the denial of an exception of no right of action and exception of no cause of action. For the reasons which follow, we reverse the trial court’s judgment in part, and affirm the judgment in part.

STATEMENT OF THE CASE

The Trust of Melba Margaret Schweg-mann (“Margie Trust”) was created in 1962 with Melba Margaret Schwegmann Brown (“Brown”) as the beneficiary. John F. Schwegmann was named the trustee of the Margie Trust. The Schwegmann Family Trust No. 1 was created in 1988 with John Guy Schwegmann, Laurie Schwegmann and Heidi Schwegmann as beneficiaries. Diane B. Marks and William R. Burger, Jr. were named trustees of the Schwegmann Family Trust No. 1. The Schwegmann Family Trust No. 2 was created in 1994 for the benefit of John Guy Schwegmann, Laurie Schwegmann, and Heidi Schwegmann.
|3In 2000, a petition was filed in Orleans Parish Civil District Court by Brown claiming John F. Schwegmann, as trustee for the Margie Trust, breached his fiduciary duties to the trust by diverting funds from that trust for his own personal use and failing to hold or invest the trust’s income for the benefit of the trust. Brown and the Margie Trust alleged John F. Schwegmann used the funds from the *740 Margie Trust to set up the Family Trusts for his own children.
Following trial, the trial court entered judgment in favor of John F. Schwegmann. Brown appealed and on December 10, 2003, the Fourth Circuit Court of Appeal found that John F. Schwegmann was liable to Brown for his breach of trust as a trustee of the trust established for her benefit by her father in 1962. Brown v. Schwegmann, 02-1509, (La.App. 4 Cir. 12/10/03), 861 So.2d 862, writ denied, 872 So.2d 489 (4/30/04). The Fourth Circuit remanded the matter to the trial court for a hearing on the issue of damages to be assessed against John F. Schwegmann for breaching his fiduciary obligation as trustee. Id. On January 26, 2005, the Orleans Parish trial court entered judgment in favor of the plaintiffs in the amount of $5,147,073.00.
In 2004, the Margie Trust and Brown, as beneficiary of the Margie Trust, filed a petition for declaratory judgment in the Twenty-Fourth Judicial District Court against the Schwegmann Family Trusts No. 1 and 2 and the trustees and beneficiaries of these trusts, attempting to recover the funds that John F. Schwegmann had diverted into the trusts for his children. The Margie Trust asserted John F. Schwegmann’s actions constituted wrongful conversion of the trust funds for his use and the use of his children’s trusts. The trust argues Louisiana law allows a beneficiary to trace and recover assets taken improperly from a trust under the principle of constructive or equitable trust. The trust contends the improper conversion entitles the beneficiaries to trace the funds and |4also entitles the beneficiaries to an accounting of all funds deposited and earnings from these funds. Plaintiffs argue if the funds can be sufficiently identified, they are entitled to a ruling that all property is being held in a constructive trust for Brown’s benefit and that she is entitled to its return. Plaintiffs sought a declaratory judgment clarifying Brown’s rights to proceed in order that they will not be deemed to have elected a remedy prematurely or to have waived any rights to either route of recovery. The plaintiffs further sought an order compelling an accounting of the Schwegmann Family Trusts and a declaration preserving their right to make a decision of which remedy to elect after conclusion of the accounting and the Orleans Parish case.
Defendants filed an exception of no right of action, an exception of no cause of action, and an exception of non-joinder of an indispensable party. On September 25, 2004, the trial court granted the exception of no right of action and no cause of action, finding that plaintiffs have no action under La. R.S. 9:2221 to compel the defendants to make an accounting because they are not beneficiaries of the defendants’ trusts. Further, the trial court concluded Louisiana law does not recognize constructive trusts. Plaintiffs appealed and this Court found the trial court correctly determined that La. R.S. 9:2221 provides a remedy for a beneficiary against a trustee of the beneficiary’s trust, but not a remedy for a beneficiary against the trustee of a different trust. Trust for Schwegmann v. Schwegmann Family Trust, 05-095, (La. App. 5 Cir. 5/25/05), 905 So.2d 1148. Therefore, this Court found the trial court correctly found the plaintiffs have no cause of action under La. R.S. 9:2221. However, this Court found plaintiffs could amend their petition to state a cause of action to enforce a right of the trust estate.
This Court further found the trust did have a claim under La. R.S. 9:2222, thus the trial court erred in refusing to allow the trust to amend its petition. This [¿Court remanded the matter to the trial court to allow the trust to amend its peti *741 tion. This Court also found the issue of whether there was a constructive trust in favor of Brown as beneficiary need not be decided since this matter was being remanded for amendment of the petition. Id.
On remand, plaintiffs filed a first amended petition for declaratory judgment adding a claim pursuant to La. R.S. 9:2222 alleging that John F. Schwegmann, as trustee of the Margie Trust, did not bring any action against the defendant trusts to recover assets of the Margie Trust. Thus, plaintiffs sought to enforce the rights of the Margie Trust and recover the property diverted by John from the defendants. Plaintiffs further sought in personam rights to money damages and in rem rights to trace funds converted by John F. Schwegmann for his own benefit and the benefit of the defendant trusts. Additionally, plaintiffs sought to obtain an order directing the trustees of the Schwegmann Family Trusts to provide accountings of those trusts.
By this petition, plaintiffs seek to preserve the right to make a decision, after the accounting and determination of John F. Schwegmann’s solvency, whether to pursue a remedy against the Family Trusts or John personally. The plaintiffs contend that, if the court determines the assets were diverted from the Margie Trust and taken into the possession of John F. Schwegmann prior to being delivered to his childrens’ trusts and he is insolvent, then the action of delivering those funds is reversible under a revocato-ry action. Further, plaintiffs assert that if the trustees and beneficiaries had knowledge and participated in John F. Schweg-mann’s breach and improper conversion, they are individually liable for damages.
In response to this amended petition, defendants again filed exceptions of no right of action, no cause of action, and non-joinder of a party. Defendants’ also filed an exception of prescription. On June 29, 2009, the trial court denied the | ^exceptions of no right and no cause of action and granted the exception of non-joinder of a party and the exception of prescription, dismissing all claims by plaintiffs.
Defendants filed a motion for devolutive appeal and argued the trial court correctly granted their exception of prescription because the petition was prescribed on its face. Defendants argue the plaintiffs’ claims relate to the alleged tort of conversion of money by John F. Schwegmann which is a delictual action governed by a one year prescription in La. C.C. art. 3492. Defendants contend plaintiffs knew of the alleged conversion in 2000 when the petition was filed in Orleans Civil District Court. The current petition was filed in 2004, more than one year after defendants allege plaintiffs knew of the conversion. Defendants also argue the plaintiffs signed a consent agreement in 1994 to form the Schwegmann Family Trust No. 2 and at that time knew the funds were being used to form the trust.
Alternatively, defendants argue that, if this Court finds the action is not prescribed, the trial court incorrectly denied defendants’ exceptions of no right of action and no cause of action.
In response to defendants’ appeal, plaintiffs have filed a brief with an incorporated motion to dismiss defendants’ appeal. Plaintiffs argue on appeal that the trial court correctly denied defendants’ exceptions of no cause of action and no right of action. Plaintiffs further argue the trial court did err in granting defendants’ exception of prescription. Plaintiffs argue the trial court viewed this case as being a tort claim for the alleged conversion of money, but it is instead based on at least one imprescriptible cause of action, specifically revendication under La. C.C. art. 526. *742 Plaintiffs argue revindicatory actions are not subject to a |7liberative prescription, therefore, their claims have not prescribed and the trial court incorrectly granted the exception of prescription.
Additionally, plaintiffs incorporate a motion to dismiss in their brief alleging defendants’ appeal of the denial of the exceptions of no right of action and no cause of action are not properly before this Court because, under La. C.C.P. art. 1915, a judgment denying exceptions is not ap-pealable without certification from the trial court.
For the reasons which follow, we deny the plaintiffs’, motion to dismiss, reverse the trial court’s judgment in part and affirm the trial court’s judgment in part.

DISCUSSION

First, we will address the plaintiffs’ motion to dismiss, which is included in their appellate brief. We do note that plaintiffs are correct that a defendant may not appeal the denial of the exceptions by the trial court pursuant to La. C.C.P. art. 1915. The judgment of the trial court did deny defendants’ exceptions of no right of action and no cause of action. However, the judgment on appeal in this case also granted an exception of prescription, which dismissed all claims of plaintiffs. Therefore, the judgment is a final judgment and an appeal may be taken from this judgment. Therefore, the plaintiffs’ motion to dismiss is denied.

Exception of Prescription

The defendants filed their exception of prescription following the filing of the plaintiffs’ first amended petition for declaratory judgment. As discussed in detail, plaintiffs sought a judgment of the court ordering an accounting of the defendant trusts and sought a declaratory judgment clarifying their rights to make a decision of whether to proceed and recover from John F. Schwegmann individually or from the defendants.
|sPIaintiffs’ original petition, filed May 19, 2004, alleged a right pursuant to La. R.S. 9:2221 to collect the funds from either John F. Schwegmann individually or from the defendant trusts. Plaintiffs sought an accounting and based their claims on the allegations that John F. Schwegmann wrongfully converted the funds they now seek. Following this Court’s opinion, plaintiffs amended their petition on July 22, 2005 and removed the claim under La. R.S. 9:2221 and instead asserted a right to bring the action under La. R.S. 9:2222. Plaintiffs also asserted a revocatory action pursuant to La. C.C. art. 2036. Plaintiffs further assert on appeal that their claims include an action in revendication pursuant to La. C.C. art. 526 and a claim for unjust enrichment pursuant to La. C.C. art. 2299. The trial court granted defendants’ exception of prescription urged following the filing of the amended petition.
The party urging a peremptory exception raising prescription bears the burden of proof. Only if prescription is evident from the face of the pleadings will the plaintiff bear the burden of showing an action has not prescribed. Onstott v. Certified Capital Corp., 05-2548, (La.App. 1 Cir. 11/3/06), 950 So.2d 744. In the absence of evidence, the objection of prescription must be decided upon the properly pleaded material allegations of fact alleged in the petition, and those alleged facts are accepted as true. Onstott, supra, citing, Thomas v. State Employees Group Benefits Program, 05-0392, (La. App. 1 Cir. 3/25/06), 934 So.2d 753. In reviewing a peremptory exception raising the objection of prescription, appellate courts strictly construe the statutes against prescription and in favor of the claims that is said to be extinguished. *743 Onstott, supra, citing, Pratt v. Himel Marine, Inc., 01-1832, (La.App. 1 Cir. 6/21/02), 823 So.2d 394, writs denied, 02-2128, 02-2025 (La.11/1/02), 828 So.2d 571.
|flThe allegations and prayer of the petition determine the true nature of the action and the applicable prescriptive period. A set of circumstances can give rise to more than one cause of action, and each of those causes has its own prescriptive period. Onstott, supra, citing Griffin v. BSFI Western E & P, Inc., 00-2122 (LaApp. 1 Cir. 2/15/02), 812 So.2d 726.
After a review of the allegations and prayer in plaintiffs original and amended petition, we do not agree with the trial court that the true nature of plaintiffs’ action is conversion alone. Although plaintiffs have asserted that John F. Schwegmann wrongfully converted funds of the Margie Trust as a basis for this declaratory action, we cannot ignore the fact that this declaratory action seeks remedies beyond a claim against John F. Schwegmann individually for any acts of conversion.
La. C.C. art. 3499 provides that “[u]n-less otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.” Based on the claims made by plaintiffs in the original and amended petition, including the claims for unjust enrichment or revendication, we find this ten year prescriptive period is applicable, the petition was timely filed, and the trial court incorrectly granted the exception of prescription.

No Right of Action and No Cause of Action

Since we find the trial court incorrectly granted the exception of prescription, we will address the denial of the exceptions of no right and no cause of action on appeal and find the trial court correctly denied these exceptions.
This Court previously remanded this matter to the trial court to afford the plaintiffs the opportunity to amend their petition following the granting of the defendant’s exceptions of no right and no cause of action.
nIn the amended petition, plaintiffs successfully removed the claims against defendant pursuant to La. R.S. 9:2221 and added claims pursuant to La. R.S. 9:2222. Thus, plaintiffs have now alleged an appropriate right of action, in accordance with this Court’s previous opinion, and the trial court correctly denied the exception of no right action. Plaintiffs also added claims for unjust enrichment in the amended petition, as suggested by this Court in our previous opinion. Thus, we find the trial court correctly denied defendants’ exception of no cause of action following the filing of the amended petition.
Accordingly, we affirm the trial court’s judgment with regard to the denial of the exceptions of no right of action and no cause of action. However, we reverse the trial court’s judgment with regard to the granting of the exception of prescription. This matter is remanded to the trial court for further proceedings.

REVERSED IN PART; AFFIRMED IN PART;REMANDED

WICKER, J., concurs and assigns reasons.