Judge Joy Cossich Lobrano
In this action to nullify judgment and claim for damages, plaintiff/appellant, Geoffrey J. Boulmay, Sr. ("Boumay") appeals the district court's judgments rendered on April 13, 2017 and June 26, 2017, granting the exceptions of prescription filed by defendants/appellees, Frederick R. Heebe, Jr. ("Heebe"), Alvin Copeland, Jr. as trustee of the Article III Trust under *461 the will of Alvin C. Copeland ("Copeland"), Richard Talluto ("Talluto"), Bryan White ("White"), Aubrey B. Hirsch, Jr. ("Hirsch"), and Peter J. Butler ("Butler")(collectively the "appellees"), and dismissing Boulmay's claims against these appellees. For the reasons that follow, we affirm.
On December 28, 2016, Boulmay filed a petition in the district court in which he alleged that the appellees committed acts of "fraud on the court," ultimately leading to a plan of reorganization and Chapter XI bankruptcy judgment, which were adverse to Boulmay's financial interests. According to the petition, the events giving rise to this litigation were initiated in 1981. The petition itself does not identify the date of the judgment from which Boulmay seeks relief. According to exhibits attached to the petition, a third amended plan of reorganization was approved by the bankruptcy court on March 3, 1983; judgment resolving the bankruptcy proceedings was rendered on January 30, 1985 and affirmed by the United States District Court for the Eastern District of Louisiana on February 28, 1986.[1]
On February 3, 2017, Heebe filed exceptions of prescription and vagueness. On February 13, 2017, Copeland, Talluto, and White jointly filed exceptions of prescription, res judicata, and no cause of action. On February 17, 2017, Hirsch filed exceptions of prescription, vagueness, no cause of action, and res judicata.
On March 31, 2017, the district court held a hearing on the exceptions filed by Heebe, Copeland, Talluto, White, and Hirsch. On April 13, 2017, the district court rendered judgment, granted the exceptions of prescription, and dismissed Boulmay's claims against Heebe, Copeland, Talluto, White, and Hirsch.
Thereafter, on May 12, 2017, Butler made an appearance in the litigation and filed exceptions of prescription, vagueness, and no cause of action.
On June 16, 2017, the district court held a hearing on the exceptions filed by Butler. The district court rendered judgment on June 26, 2017, which granted Butler's exception of prescription and dismissed Boulmay's claims against Butler. This appeal followed.
Before discussing the merits of this appeal, we first address whether this Court has appellate jurisdiction to review the April 13, 2017 and June 26, 2017 judgments rendered by the district court. Boulmay filed motions for appeal referencing judgments dated March 31, 2016 and June 16, 2017; the record before us, however, contains no judgments dated March 31, 2016 or June 16, 2017. Rather, the judgments in the record were rendered, respectively, (1) on April 13,
2017 from a hearing held on March 31, 2017, and (2) June 26, 2017 from a hearing held on June 16, 2017.
This Court has held that, although inaccurate, an appeal may proceed where "the record reflects that all parties thought the subject matter of the [two] judgments were being appealed and that none of the appellees were prejudiced by the mistake."
*462 Duplantier v. Krewe of Pygmalion , 2007-1034, p. 3 (La. App. 4 Cir. 12/3/08), 1 So.3d 570, 572.[2] It is evident from the record that Boulmay intended to appeal the judgments granting exceptions of prescription in favor of the appellees, and all appellees have addressed the merits of their respective exceptions in their briefs. We find no prejudice to the appellees as a result of the mistaken dates contained in Boulmay's motions for appeal. As such, the appeal is properly before us, and we now address the merits of the appeal.
Boulmay sets forth one primary argument on appeal: that the judgment he complains of in his petition is an absolute nullity and cannot prescribe.
This Court has articulated the standard of review, relative to peremptory exceptions of prescription, as follows:
Ordinarily, a party asserting a peremptory exception of prescription bears the burden of proof. Trust for Melba Margaret Schwegmann v. Schwegmann , 09-968, p. 8 (La. App. 5 Cir. 9/14/10), 51 So.3d 737, 742. However, if prescription is evident from the face of the pleadings, the plaintiff will bear the burden of showing an action has not prescribed. Id. If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of
fact are reviewed under the manifest error-clearly wrong standard of review. Rando v. Anco Insulations, Inc. , 08-1163, p. 20 (La. 5/22/09), 16 So.3d 1065, 1082. If there is [ ] an absence of evidence, the exception of [ ] prescription must be decided upon the properly pleaded material allegations of fact asserted in the petition, and those alleged facts are accepted as true. Trust for Melba Margaret Schwegmann , 51 So.3d at 742. Further, in reviewing a peremptory exception of prescription, appellate courts strictly construe the statutes against prescription and in favor of the claim. Id. Of the possible constructions of a prescriptive or preemptive statute, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement should be adopted. Rando , 16 So.3d at 1083.
Ames v. Ohle , 2011-1540, pp. 5-6 (La. App. 4 Cir. 5/23/12), 97 So.3d 386, 390-91, decision clarified on reh'g (7/11/12).
The record before us reflects that, at the hearing of the exceptions brought by Heebe, Copeland, Talluto, White, and Hirsch, no evidence was introduced. With respect to those exceptions, we confine our review to the "properly pleaded material allegations of fact asserted in the petition." See Ames , 2011-1540 at p. 5, 97 So.3d at 391. At the hearing of the exceptions filed by Butler, Boulmay introduced the entirety of the district court record into evidence without objection. The district court stated at the hearing that the exhibits would be admitted once costs for the exhibits were paid. We are unable to determine from the record whether this was accomplished. Where evidence is introduced at the hearing of the exception, we review the district court's factual findings subject to the manifest error-clearly wrong standard of review. Ames , 2011-1540 at. p. 5, 97 So.3d at 390-91. Nevertheless, whether we construe *463 the record as a whole as evidence for the purposes of reviewing Butler's exception, our conclusion remains the same for the reasons explained herein.
"The nature of a cause of action must be determined before it can be decided which prescriptive term is applicable." Ames , 2011-1540 at p. 6, 97 So.3d at 391 (citing dela Vergne v. dela Vergne , 99-0364 (La. App. 4 Cir. 11/17/99), 745 So.2d 1271, 1275 ). "The character of an action disclosed in the pleadings determines the prescriptive period applicable to that action." Id. "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." La. C.C.P. art. 853.
A review of the petition and its exhibits reveals that Boulmay alleges that the bankruptcy judgment is "void" on the basis that appellees provided false testimony and made false filings relative to those proceedings; he also prays for damages to compensate him for financial losses allegedly stemming from appellees' actions in connection with the bankruptcy proceedings and corresponding judgment. We construe Boulmay's petition as an action for nullification of judgment. The petition also contains allegations of fraud and violations of the Louisiana Racketeering Act.
The following articles of the Louisiana Code of Civil Procedure are pertinent to Boulmay's claims:
Art. 2002. Annulment for vices of form; time for action
A. A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law.
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid final default judgment has not been taken.
(3) By a court which does not have jurisdiction over the subject matter of the suit.
B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.
Art. 2004. Annulment for vices of substance; peremption of action
A. A final judgment obtained by fraud or ill practices may be annulled.
B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.
Article 3499 of the Louisiana Civil Code provides that "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." Generally, a civil cause of action for fraud is subject to a ten year prescriptive period. See Ames , 2011-1540 at p. 8, 97 So.3d at 392.
The Louisiana Racketeering Act is located in La. R.S. 15:1351 -56. "Although these statutes are part of the Code of Criminal Procedure, they provide for a civil cause of action similar to the federal RICO statute." Ames , 2011-1540 at pp. 6-7, 97 So.3d at 391. The civil remedies provision of these statutes is subject to a prescriptive period of "five years after the conduct in violation of a provision of this Chapter terminates or the cause of action accrues." La. R.S. 15:1356(H).
We reject Boulmay's argument that his claims against the appellees cannot prescribe. "An absolutely null judgment may be attacked collaterally, at any time, by rule or by any other method."
*464 Miccol Enterprises, Inc. v. City of New Orleans , 2012-0864, p. 10 (La. App. 4 Cir. 12/19/12), 106 So.3d 746, 752. The specific vices of form that render a judgment absolutely null are provided in La. C.C.P. art. 2002 ; the grounds for nullity enumerated in this article are exclusive. Id. ; La. C.C.P. art. 2002 cmt. (e)(citing Accardo v. Dimiceli , 226 La. 435, 76 So.2d 521 (1954) ). The petition contains no allegation, and the record contains no evidence, that the judgment was rendered against an unrepresented incompetent person; against an unserved defendant who has not waived objection to jurisdiction, or against whom a valid final default judgment has not been taken; or by a court lacking subject matter jurisdiction over the suit. La. C.C.P. art. 2002 does not apply to the matter before us.
Rather, the substance of Boulmay's petition demonstrates that he seeks nullification of judgment for fraud or ill practices, which is a vice of substance, implicating La. C.C.P. art. 2004. An action for nullification of judgment under article 2004 must be brought within "one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices." La. C.C.P. art. 2004.
Based on the foregoing, we find that Boulmay's claims are subject to one, five, and ten year prescriptive periods.
As stated in the petition and its exhibits, the events alleged in Boulmay's petition began in 1981; the amended plan of reorganization was approved by the bankruptcy court on March 3, 1983; judgment on the bankruptcy proceedings was rendered on January 30, 1985; and the bankruptcy judgment was affirmed by the federal district court on February 28, 1986. Boulmay did not file suit against the appellees until December 28, 2016. Under each of the applicable prescriptive periods, the petition is prescribed on its face.
Whether we limit our review to the petition with exhibits or consider the record as a whole, we discern no basis on which to extend or defeat these prescriptive periods. While Boulmay's petition makes multiple references to "fraudulent concealment," the petition lacks any allegation that Boulmay had no knowledge of the alleged false testimony and filings prior to December 28, 2006, December 28, 2011, or December 28, 2016. Quite the opposite, Boulmay attached as an exhibit to his petition correspondence[3] specifically stating as of April 2015 that "Mr. Boulmay has filed in Orleans and New Orleans Federal Courts for decades to expose the attorney irrefutable fabrications to void Judgments."[4] (Emphasis added). Boulmay's exhibits to his petition also included a memorandum filed in connection with prior litigation in 1987, explaining the circumstances of "a series of lawsuits" as a result of disputes between Boulmay and proponents of the amended plan of reorganization.[5] Thus, under the facts before us, we find that Boulmay failed to meet his burden to prove that this action has *465 not prescribed. We find no error in either of the district court's rulings granting the exceptions of prescription in favor of the appellees and dismissing Boulmay's claims against the appellees.
For the reasons set forth above, we affirm the April 13, 2017 and June 26, 2017 judgments of the district court.
AFFIRMED

The exhibits attached to Boulmay's petition were comprised of: (1) correspondence dated August 5, 2015, from the Louisiana Attorney Disciplinary Board to Boulmay acknowledging receipt of documents submitted by Boulmay relative to a disciplinary claim against Butler; (2) correspondence to this Court dated April 2, 2015 from Lawrence Catha and Raymond Peacock, former business partners of Alvin C. Copeland, complaining of "false testimony and false filing" made in 1987 in district court docket no. 87-8673, referencing the bankruptcy proceedings; and (3) Plaintiff's Memorandum in Opposition to Motion to Remove Counsel, dated June 18, 1987, filed by Butler in docket no. 87-8673.

"An error misstating the date of judgment in a motion for appeal does not require dismissal where the: 1) appellant actually intended to appeal from a related judgment of the trial court; 2) errors assigned in brief on merits were adjudicated by a related judgment; or 3) parties were aware of which judgment appellant intended to appeal, and the appellee was not prejudiced by the error in date." Duplantier , 2007-1034 at p. 3, n. 1, 1 So.3d at 572 (citing Wilson v. Transp. Consultants, Inc. , 2004-0334, p. 4 (La. App. 4 Cir. 3/2/05), 899 So.2d 590, 596 ).

This correspondence was dated April 2, 2015 and was sent by Catha and Peacock to this Court regarding previous litigation related to the underlying bankruptcy.

Here, it is not necessary for us to, and we do not, take judicial notice of pleadings filed in other court proceedings, which are outside of the record of this Court; rather we consider those documents that are exhibits to and form a part of Boulmay's petition as provided by La. C.C.P. art. 853, and documents entered into evidence at the June 16, 2017 hearing on the trial of Butler's exceptions. See La. C.E. art. 202(B) ; United Gen. Title Ins. Co. v. Casey Title, Ltd. , 2001-600, pp. 6-7 (La. App. 5 Cir. 10/30/01), 800 So.2d 1061, 1065.

The exhibit is entitled "Plaintiff's Memorandum in Opposition to Motion to Remove Counsel," dated June 18, 1987, which was filed by Butler.