Judge Rosemary Ledet
This is a tort suit. The plaintiff, Raul-Alejandro Ramos, a former tenant of the defendants, Andrew Le and La Rouge Properties, alleges that the defendants unlawfully *961 entered the premises he was leasing and removed his property without his consent. From the trial court's judgment granting the defendants' exception of prescription, Mr. Ramos appeals. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
With one exception (discussed elsewhere in this opinion), the essential facts are not disputed. In 2013, Mr. Ramos leased commercial premises from the defendants to operate a restaurant. During his tenancy, Mr. Ramos undertook construction of the premises. Because of the construction, Mr. Ramos moved various items to the rear of the premises. At some point, Mr. Le advised Mr. Ramos that he could not store items in the rear of the premises; Mr. Ramos, however, continued to store items there. Consequently, on three occasions between 2013 and 2015, Mr. Le or his agent entered the leased premises and removed items that were being stored in the rear.
On May 25, 2017, Mr. Ramos, acting pro se , filed this suit asserting those claims. The defendants filed exceptions of non-conformity, vagueness, and ambiguity arguing, inter alia , that Mr. Ramos had failed to allege the dates on which the acts forming the basis of his claims occurred. The trial court granted the exceptions and ordered Mr. Ramos to amend his petition to set forth such dates with specificity. Pursuant to the trial court's order, Mr. Ramos filed an amending petition.
The defendants filed an exception of prescription, arguing that, on the face of the petition, Mr. Ramos' claims were prescribed. Mr. Ramos filed an opposition to the exception, arguing that, because the defendants had acted under "color of landlord authority," he had been unaware of his legal rights and, thus, prescription was interrupted. At the hearing on the exception, the parties stipulated that Mr. Ramos' colloquy with the trial court would be received as testimony. Mr. Ramos also offered as an exhibit a demand letter he sent to the defendants on September 30, 2016. Following the hearing, the trial court sustained the exception of prescription and dismissed all of Mr. Ramos' claims against the defendants. This appeal followed.
DISCUSSION
A party asserting that a claim is prescribed must do so through the filing of a peremptory exception of prescription.[1] In Ames v. Ohle , 11-1540, pp. 5-6 (La. App. 4 Cir. 5/23/12), 97 So.3d 386, 390-91, this court set forth the standard of review for such exceptions as follows:
Ordinarily, a party asserting a peremptory exception of prescription bears the burden of proof. Trust for Melba Margaret Schwegmann v. Schwegmann , 09-968, p. 8 (La. App. 5 Cir. 9/14/10), 51 So.3d 737, 742. However, if prescription is evident from the face of the pleadings, the plaintiff will bear the burden of showing an action has not prescribed. Id. If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. Rando v. Anco Insulations, Inc. , 08-1163, p. 20 (La. 5/22/09), 16 So.3d 1065, 1082. If there is as an absence of evidence, the exception of the prescription must be decided upon the properly pleaded material allegations of fact asserted *962 in the petition, and those alleged facts are accepted as true. Trust for Melba Margaret Schwegmann , 51 So.3d at 742. Further, in reviewing a peremptory exception of prescription, appellate courts strictly construe the statutes against prescription and in favor of the claim. Id. Of the possible constructions of a prescriptive or preemptive statute, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement should be adopted. Rando , 16 So.3d at 1083.
In sustaining the defendants' exception of prescription, the trial court found that Mr. Ramos' claims were prescribed on the face of the petition and that there had been no interruption of prescription. Although Mr. Ramos assigns numerous errors, this appeal presents essentially two issues for our review: (1) whether the trial court erred in determining that Mr. Ramos' claims are prescribed on the face of the petition; and (2) if so, whether the trial court committed manifest error in determining that prescription was not interrupted. We address each issue in turn.
Prescription
In determining whether an exception of prescription has merit, the nature of the cause of action must first be identified. Albe v. City of New Orleans , 14-0186, p. 8 (La. App. 4 Cir. 9/17/14), 150 So.3d 361, 367 (citing Ames , 11-1540, at p. 6, 97 So.3d at 391 ). "The character of an action disclosed in the pleadings determines the prescriptive period applicable to that action." Id.
In this case, Mr. Ramos' petition failed to identify his claims with clarity.[2] Nonetheless, liberally construing the petition,[3] each of Mr. Ramos' claims is a delictual action.[4] Such actions are subject to a liberative prescriptive period of one year, which "commences to run from the day injury or damage is sustained." La. C.C. art. 3492
In his original petition, Mr. Ramos alleged that the defendants entered the leased premises and removed his property on three separate occasions; he failed, however, to allege the dates of those incidents. In his amended petition, Mr. Ramos alleged that the first incident occurred "in 2013 between July and October"; despite the trial court's order, however, he failed to allege on what dates the two subsequent incidents occurred.[5]
*963 Nonetheless, at the hearing on the exception, Mr. Ramos testified that he learned of the three incidents between 2013 and 2015. Thus, even assuming that Mr. Ramos could have amended his petition to conform to his testimony, all of Mr. Ramos' claims prescribed, at the latest, in 2016.[6] Because Mr. Ramos did not commence this suit until 2017, the trial court correctly determined that Mr. Ramos claims were prescribed on the face of the petition.
Contra Non Valentem
The trial court's determination that Mr. Ramos' claims were prescribed on the face of the petition shifted the burden to Mr. Ramos to demonstrate that his claims had not prescribed. Mr. Ramos' contends, as he did in the trial court, that his claims have not prescribed under the doctrine of contra non valentem .[7]
The doctrine of contra non valentem is a jurisprudentially-created, "limited exception [to prescription] where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues." Corsey v. State, Through Dep't of Corr. , 375 So.2d 1319, 1321 (La. 1979). "The doctrine is based on the premise that, in some circumstances, equity and justice require that prescription 'be suspended because the plaintiff was effectually prevented from enforcing his rights for reasons external to his own will.' " Dominion Expl. & Prod., Inc. v. Waters , 07-0386, p. 10 (La. App. 4 Cir. 11/14/07), 972 So.2d 350, 358 (quoting Wimberly v. Gatch , 93-0236 (La. 4/11/94), 635 So.2d 206, 211 (La. 1994) ).
Because "[c ]ontra non valentem is an exceptional remedy recognized by our jurisprudence which is in direct contradistinction to articles in our Civil Code[,] ... it must be strictly construed." Harsh v. Calogero , 615 So.2d 420, 422 (La.App. 4 Cir. 1993). Thus, the Louisiana Supreme Court has cautioned that the doctrine applies only in "exceptional circumstances." Renfroe v. State ex rel. Dep't of Transp. & Dev. , 01-1646, p. 9 (La. 2/26/02), 809 So.2d 947, 953. Louisiana jurisprudence has recognized four such circumstances:
(1) Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
(2) Where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
(3) Where the debtor himself has done some act effectually to prevent the *964 creditor from availing himself of his cause of action; or
(4) Where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.
Marin v. Exxon Mobil Corp. , 09-2368, p. 12 (La. 10/19/10), 48 So.3d 234, 245.
Mr. Ramos contends that the doctrine of contra non valentem applies in this case because his "situation does not arise out of willfulness, negligence, or unreasonableness" but rather his "situation arises from the defendants acting under [c]olor of [l]andlord [a]uthority." Essentially, Mr. Ramos contends that a statement by Mr. Le at the time of the first incident-that, as landlord, he had the legal right to enter the leased premises and remove and dispose of Mr. Ramos' property-had "lulled [Mr. Ramos] into inaction and prevent[ed] him from availing himself of his cause[s] of action."[8] Ames, 11-1540 at p. 15, 97 So.3d at 395. Mr. Ramos further contends that it was not until September 2016, while researching his legal remedies in an unrelated eviction action brought against him by the defendants, that he learned he might have claims against the defendants in connection with the removal of his property. This argument invokes the third contra non valentem category.[9]
A plaintiff arguing the application of the third contra non valentem category must allege and prove each the following:
(1) That the defendant engaged in conduct which rises to the level of concealment, misrepresentation, fraud or ill practice;
(2) That the defendant's actions effectually prevented the plaintiff from pursuing a cause of action; and
(3) That the plaintiff was reasonable in his or her inaction.
Albe , 14-0186 at p. 10, 150 So.3d at 368 (citing Marin , 09-2368, p. 24, 48 So.3d at 252 ).
In his opposition to the exception and during his testimony at the hearing, Mr. Ramos conceded that Mr. Le's belief was sincere and that it was only later that they both discovered Mr. Le to have been mistaken.[10] Thus, Mr. Ramos does not contend that Mr. Le's statement was an intentional misrepresentation. Nonetheless, Mr. Ramos contends that Mr. Le's statement constitutes fraud because it was legally incorrect. It is well settled, however, that a defendant's statement, later *965 found to have been incorrect, does not warrant application of the doctrine of contra non valentem in the absence of intentional misrepresentation. Prevo v. State ex rel. Dep't of Pub. Safety & Corr. Div. of Prob. & Parole , 15-0823, p. 6 (La. 11/20/15), 187 So.3d 395, 399 (citing Rajnowski v. St. Patrick's Hosp. , 564 So.2d 671, 674 (La. 1990), for the proposition that that mere "misstatements do not constitute fraud, concealment, misrepresentation or a breach of a duty to disclose").
Accordingly, we find that the trial court correctly concluded that Mr. Ramos' claims were prescribed on the face of the petition. We further find that the trial court's conclusion that Mr. Ramos failed to allege and prove facts that would warrant the application of the doctrine of contra non valentem was not manifestly erroneous.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED

See La. C.C. art. 3452 (providing that "[p]rescription must be pleaded" and that "[c]ourts may not supply a plea of prescription"); La. C.C.P. art. 927(B) (providing that a "court may not supply the objection of prescription, which shall be specially pleaded" by filing an exception of prescription).

In its reasons for judgment, the trial court identified these claims as trespass, theft, and fraud. A review of Mr. Ramos' petition, however, reveals that, in addition to these claims, Mr. Ramos also asserted claims sounding in negligence. Specifically, Mr. Ramos claimed that certain property allegedly taken by the defendants belonged to non-parties who had bailed that property to Mr. Ramos; that the alleged theft of such property by the defendants exposed him to threats and violence by non-parties; and that such threats and violence, in turn, caused him emotional distress and related injuries.

See Manichia v. Mahoney , 10-0087, p. 8 (La. App. 4 Cir. 8/4/10), 45 So.3d 618, 622 (observing that "a pro se litigant may be afforded some leeway or patience in the form of liberally construed pleading"); see also Haines v. Kerner , 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (observing that "the allegations of [a] pro se complaint ... [are] h[e]ld to less stringent standards than formal pleadings drafted by lawyers").

See La. C.C. art. 3492, cmt. (b) (observing that "[t]he notion of delictual liability includes: intentional misconduct, negligence, abuse of right, and liability without negligence").

This failure would have warranted dismissal of the petition, albeit without prejudice. See La. C.C.P. art. 933 ; see also generally , Washington v. Flenniken Const. Co. , 188 So.2d 486, 491 (La. App. 3rd Cir. 1966) (observing that "[t]he basis of this dismissal is the power of the court to enforce compliance with a lawful procedural order in connection with a dilatory exception").

As discussed elsewhere in this opinion, in addition to his claims for trespass, theft, and fraud, Mr. Ramos asserted claims sounding in negligence. Among those is a shooting on October 11, 2016, of which Mr. Ramos claims to have been the intended target and which Mr. Ramos claims was motivated by the loss of musical recordings formerly in his possession and allegedly taken by the defendants. Although the shooting occurred within a year before the filing of Mr. Ramos' petition, neither the shooting nor the subsequent injuries it allegedy caused serve to extend the prescriptive period of La. C.C. art. 3492. See Harvey v. Dixie Graphics, Inc. , 593 So.2d 351, 354 (La. 1992) (clarifying that, "in cases in which a plaintiff has suffered some but not all of his damages, prescription runs from the date on which he first suffered actual and appreciable damage, even though he may thereafter come to a more precise realization of the damages he has already incurred or incur further damage as a result of the completed tortious act").

The full name of the doctrine is contra non valentem agere nulla currit praescripto ; the meaning of which is that Prescription does not run against a party unable to act. Rajnowski v. St. Patrick's Hosp. , 564 So.2d 671, 674 (La. 1990) (citing Crier v. Whitecloud , 496 So.2d 305, 307 n. 4 (La.1986) ).

In its reasons for judgment, the trial court found, as a factual matter, that "the only complained of conduct was the landlord telling plaintiff he should have moved the items when told to do so" and that, at the hearing, "the plaintiff truthfully maintained only that statement by the landlord." Review of the transcript reveals, however, that Mr. Ramos stated, referring to Mr. Le, that "[h]e's telling me he's got the right to do it."

Mr. Ramos does not contend that he was unaware of the essential facts giving rise to his claims; instead, he argues only that he was unaware of the law providing a remedy under such facts. Thus, the fourth contra non valentem category does not apply in this case. See Albe v. City of New Orleans , 14-0186, pp. 13-14 (La. App. 4 Cir. 9/17/14), 150 So.3d 361, 370 (observing that [a]lthough ignorance of specific facts giving rise to a legal claim can prevent the running of prescription in certain circumstances, ignorance of the law does not").

In his opposition, Mr. Ramos stated, "Defendant and Plaintiff were both under the impression that Defendant was right to do as Defendant did, because [P]laintiff did not comply with Defendant's [sic ] demands." At the hearing, Mr. Ramos testified, "I found out that I was wrong at that moment. He finds out that he was wrong at this moment. We both find out at the same time."