BOTTINELLI REAL ESTATE, L.L.C.     *     NO. 2019-CA-0619

    *

VERSUS     COURT OF APPEAL

    *

JOHNS MANVILLE, INC. AND ROOF TECHNOLOGIES, INC.     *     FOURTH CIRCUIT

    STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-04176, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Tiffany G. Chase)

David A. Binegar
Tiffany R. Christian
BINEGAR CHRISTIAN LLC
4902 Canal Street, Suite 301
New Orleans, LA 70119

COUNSEL FOR PLAINTIFF/APPELLANT

Mark A. Cunningham
Tarak Anada
Allison B. Kingsmill
Thomas E. Slattery
JONES WALKER, L.L.P
201 St. Charles Avneue, Suite 4900
New Orleans, LA 70170

COUNSEL FOR DEFENDANT/APPELLEE

AFFIRMED

DECEMBER 27, 2019

Plaintiff/appellant, Bottinelli Real Estate, L.L.C. ("Bottinelli"), appeals the February 19, 2019 judgment of the district court, which granted an exception of prescription in favor of defendant/appellee, Johns Manville, Inc. ("JM"), and dismissed all claims against JM. For the reasons set forth in this opinion, we affirm.

Bottinelli owned commercial property that sustained roof damage in Hurricane Katrina and contracted with Roof Technologies, Inc. ("Roof Tech") to replace the roof. In December 2006, Roof Tech recommended and installed a roof manufactured by JM. JM provided a 15-year guarantee on the roof (the "guarantee"),[1] which states, in relevant part, that:

> JM will pay for the materials and labor required to promptly repair the Roofing System to return it to a watertight condition if leaks occur due to: ordinary wear and tear, or deficiencies in any or all of the component materials of the Roofing System, or workmanship deficiencies in the application of the Roofing System.

---

[1] The commercial property at issue spans two buildings, and there is a separate guarantee on the roof of each building. None of Bottinelli's petitions alleges any difference between the guarantees or which repairs were made to which roof. For simplicity in this opinion, we refer collectively to the "roof" and the "guarantee."

According to Bottinelli, the roof leaked immediately upon completion of installation, and though Roof Tech and other roofers made repeated repairs at JM's direction, the roof has always continued to leak, causing ongoing damage to the property. Bottinelli claims that JM, through Roof Tech, misrepresented to Bottinelli that the roof could be fixed and concealed from Bottinelli that the condition of the roof was irreparable, and needed to be replaced. Bottinelli argues that JM was trying to make minimal, temporary repairs until the 15-year guarantee expired to avoid having to replace the roof.[2]

On April 26, 2016, nearly 10 years after the roof was installed, Bottinelli filed its original petition for damages against Roof Tech and JM. On September 27, 2016, Bottinelli filed a first supplemental and amending petition. On August 17, 2017, Roof Tech filed a motion for summary judgment and/or exception of prescription. On November 6, 2017, the district court rendered judgment granting Roof Tech's exception of prescription and dismissing all claims against Roof Tech. This ruling was not appealed.

On January 16, 2018, JM filed exceptions of prescription and peremption, which the district court denied on June 29, 2018. On July 13, 2018, JM filed an application for supervisory writ in this Court. On October 3, 2018, this Court

---

[2] JM raises numerous arguments on appeal with respect to the identity and capacity of plaintiffs. In the original petition, the only plaintiff was Bottinelli. The first supplemental and amended petition added as co-plaintiffs Bottinelli's part-owners, Richard and Doris Kuntz, who also joined in the second supplemental and amending petition. The guarantee on the roof was issued to "Richard Kuntz" who was identified as "Building Owner," while Bottinelli appears nowhere in the document. The second amended petition contains an allegation that Bottinelli is a third party beneficiary of the contract with Roof Tech to replace the roof. There is no allegation that Bottinelli is a third party beneficiary of the guarantee. Bottinelli was the only party to file a motion for appeal. Neither Richard nor Doris Kuntz filed a motion for appeal. Because we affirm the district court judgment on other grounds, we do not reach JM's arguments on this issue.

granted the writ and permitted Bottinelli leave to amend the petition to state its fraud claims with particularity.

On November 5, 2018, Bottinelli filed a second supplemental and amended petition, alleging breach of contract, fraud, Louisiana Products Liability Act, and Louisiana Unfair Trade Practices Act claims. On December 12, 2018, JM again urged an exception of prescription, and the district court held a hearing on February 8, 2019. On February 19, 2019, the district court rendered judgment granting the exception of prescription and dismissing all claims against JM.[3] Bottinelli appeals this judgment.

This Court has articulated the standard of review, relative to peremptory exceptions of prescription, as follows:

> Ordinarily, a party asserting a peremptory exception of prescription bears the burden of proof. *Trust for Melba Margaret Schwegmann v. Schwegmann*, 09-968, p. 8 (La. App. 5 Cir. 9/14/10), 51 So.3d 737, 742. However, if prescription is evident from the face of the pleadings, the plaintiff will bear the burden of showing an action has not prescribed. *Id.* If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. *Rando v. Anco Insulations, Inc.*, 08-1163, p. 20 (La. 5/22/09), 16 So.3d 1065, 1082. If there is [ ] an absence of evidence, the exception of [ ] prescription must be decided upon the properly pleaded material allegations of fact asserted in the petition, and those alleged facts are accepted as true. *Trust for Melba Margaret Schwegmann*, 51 So.3d at 742. Further, in reviewing a peremptory exception of prescription, appellate courts strictly construe the statutes against prescription and in favor of the claim. *Id.* Of the possible constructions of a prescriptive or preemptive statute, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement should be adopted. *Rando*, 16 So.3d at 1083.

---

[3] In this judgment, the district court found JM's exceptions of no cause of action and peremption moot.

*Ames v. Ohle*, 11-1540, pp. 5-6 (La. App. 4 Cir. 5/23/12), 97 So.3d 386, 390-91, *decision clarified on reh'g* (7/11/12).

Bottinelli sets forth on appeal three assignments of error, as follows:

1. The trial court erred in dismissing all causes of action with prejudice as a result of JM's Exception of Prescription, as Bottinelli sued for breach of contract relating to JM's alleged violation of the roofing Guarantees, demonstrated by JM's failure to repair the roofing systems sufficiently to bring them to a leak-free condition—a fact that continues to this day.

2. The trial court erred by holding that Bottinelli did not sufficiently allege fraud in its Second Supplemental and Amended Petition, thereby subjecting its tort-based causes of action to JM's Exception of Prescription; and

3. The trial court erred in substituting its interpretation of the term "failing," as that term appears in the internal logs between JM and its repair vendors, who told JM that the roofing system was "failing." While the trial court held that just because the roofing system was "failing" did not mean that it could not be repaired, and therefore sustained JM's Exception of Prescription.

Bottinelli's first assignment of error concerns its breach of contract claim, alleging that JM failed to "make good" on the guarantee to bring the roof to non-leaking condition. Bottinelli argues that its breach of contract claim is not prescribed (1) because Bottinelli filed suit within 10 years of the roof's completion; and (2) because the 15-year guarantee on the roof still has not expired. JM argues that Bottinelli waived these arguments in the district court, by not raising same in its opposition to JM's exception of prescription. JM is correct that, while Bottinelli filed an opposition to JM's exception, that opposition contained no law or argument refuting that the contract claim had prescribed. "Jurisprudence provides a 'longstanding general rule that issues not submitted to the trial court for

4

decision will not be considered for the first time on appeal.' " *Hurst v. Dep't of Police*, 14-0119, p. 6 (La. App. 4 Cir. 7/23/14), 146 So.3d 857, 860 (quoting *Jones v. Capitol Enterprises, Inc.*, 11-0956, pp. 18-19 (La. App. 4 Cir. 5/9/12), 89 So.3d 474, 487). We recognize, regardless, that JM argued in its exception that the breach of contract claim is actually a redhibition claim, which has prescribed; thus, the district court considered this issue.

"In determining the applicable prescriptive period, we are guided by the well-settled principle that '[t]he character of an action disclosed in the pleadings determines the prescriptive period applicable to that action.'" *Parry v. Administrators of Tulane Educ. Fund*, 02-0382, p. 7 (La. App. 4 Cir. 9/4/02), 828 So.2d 30, 35 (quoting *Starns v. Emmons*, 538 So.2d 275, 277 (La. 1989) (collecting cases)). A breach of contract claim has a prescriptive period of 10 years. *See* La. C.C. art. 3499. An action for redhibition prescribes in one year from the date the defect is discovered by the buyer. La. C.C. art. 2534. A "breach of contract claim based upon the sale of an allegedly defective product would be founded in redhibition and subject to the one year prescriptive period." *Stewart Interior Contractors, L.L.C. v. MetalPro Indus., L.L.C.*, 13-0922, pp. 5-6 (La. App. 4 Cir. 1/8/14), 130 So.3d 485, 489.

According to the second supplemental and amended petition, Bottinelli knew immediately in 2006 that the roof leaked, and JM dispatched a repair crew under the guarantee. Bottinelli reported other leaks to JM over the next 10 years, and JM dispatched a repair crew under the guarantee each time. According to the

5

petition, the roof could not be repaired. Bottinelli's claim is that the roof is defective. We agree with JM's argument that the substance of Bottinelli's claim sounds in redhibition, subject to a one year prescriptive period, not a ten-year prescriptive period. This assignment lacks merit.

Bottinelli's second assignment of error addresses whether its petition stated allegations of fraud with sufficient particularity so as to interrupt prescription on its tort-based causes of action. Bottinelli contends that, by alleging fraud against JM, prescription is interrupted on the product liability and unfair trade practices claims under the theory of *contra non valentem* and the continuing tort doctrine. Generally, a civil cause of action for fraud is subject to a ten year prescriptive period, while "a fiduciary's simple negligence should be treated as an offense subject to a one year prescriptive period." *Ames*, 11-1540, p. 8, 97 So.3d at 392 (quotation omitted). Delictual actions, including claims under the Louisiana Products Liability Act, are subject to a one year prescriptive period. *Stewart*, 13-0922, p. 5, 130 So.3d at 489 (citing La. C.C. 3492; La. R.S. 9:2800.51 *et seq.*). A claim under the Louisiana Unfair Trade Practices Act is subject to a one year prescriptive period, which is peremptive. *Dominion Expl. & Prod., Inc. v. Waters*, 07-0386, p. 7 (La. App. 4 Cir. 11/14/07), 972 So.2d 350, 356 (citing La. R.S. 51:1409(E))(other citations omitted).

"La. C.C.P. article 856 states that when pleading fraud, the circumstances constituting fraud shall be alleged with particularity." *831 Bartholomew Investments-A, L.L.C. v. Margulis*, 08-0559, p. 10 (La. App. 4 Cir. 9/2/09), 20

6

So.3d 532, 538. Allegations that a defendant's actions were "fraudulent" are "insufficient to set forth a cause of action under La. C.C. article 1953" if they are "conclusory." *Id.* Where "[n]o specific people are named and no particular activities are identified" a plaintiff has "failed to allege fraud with sufficient particularity." *Hawkins v. Willow Inc.*, 12-0160, p. 6 (La. App. 5 Cir. 10/16/12), 102 So.3d 900, 903. To "state a cause of action in fraud from silence or suppression of the truth, there must be a duty to speak or disclose information." *Becnel v. Grodner*, 07-1041, p. 4 (La. App. 4 Cir. 4/2/08), 982 So.2d 891, 894. "Although there is no general duty to speak, a duty to speak or disclose may arise where there exists a fiduciary relationship between the parties." *Id.* A "petition fails to articulate a cause of action for fraud by silence" where the "petition is devoid of allegations of any relationship of confidence with the defendants." *McCarthy v. Evolution Petroleum Corp.*, 14-2607, p. 10 (La. 10/14/15), 180 So.3d 252, 258.

Bottinelli's petition does not name any particular person at JM who made any representation to him. Rather, it alleges that Roof Tech, acting at JM's behest, made representations at unspecified times that the roof could be repaired and that the repairs would be "permanent." Bottinelli fails to explain with any facts or legal authority why any alleged fraudulent statements by Roof Tech employees can be attributed to JM. Bottinelli also alleges that JM withheld information within its knowledge that the roof was failing and could not be repaired. Bottinelli argues that its relationship with JM was such that JM had a duty to disclose that the roof

could not be repaired, but we find no law imposing a fiduciary relationship in a sale and service guarantee like the one at issue in this case. Bottinelli has now amended its petition twice, and this Court granted writs, allowing Bottinelli leave to plead its fraud allegations with particularity. Bottinelli has failed to so amend. We find that its fraud allegations are merely conclusory and lack sufficient particularity.

With respect to *contra non valentem*, Bottinelli claims that it was lulled into inaction by JM's continued service calls and temporary repairs. The jurisprudential doctrine of *contra non valentem* is an exception to the statutory rule that "prescription runs against all persons unless exception is established by legislation." *Marin v. Exxon Mobil Corp.*, 09-2368, p. 11 (La. 10/19/10), 48 So.3d 234, 245 (quoting La. C.C. art. 3467). The Louisiana Supreme Court has "recognized four factual situations" in which *contra non valentem* applies to prevent prescription from running:

> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
>
> (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
>
> (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
>
> (4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.

*Id.*, 09-2368, p. 12, 48 So.3d at 245. Bottinelli seeks to invoke the third category. "This category has been applied to cases wherein defendant has concealed the fact of the offense or has committed acts (including concealment, fraud, misrepresentation, or other "ill practices") which tend to hinder, impede, or prevent the plaintiff from asserting his cause of action, as long as plaintiff's delay in bringing suit is not willful or the result of his own negligence." *Id.*, 09-2368, p. 23, 48 So.3d at 251-52.

Bottinelli claims that "JM failed to disclose the fact that the roofing system was failing to Bottinelli because JM did not want to incur the costs of replacing the entire roofing system" and that "Bottinelli was not aware of JM's knowledge that the roofing system could not be repaired until April 2018, when JM finally answered Bottinelli's discovery requests." As discussed, Bottinelli has failed to allege fraud with particularity. Moreover, exhibits introduced on the trial of the exception refute Bottinelli's contention that either JM's representations or failure to disclose prevented Bottinelli from filing suit. JM introduced, in support of its exception, Bottinelli's counsel's demand letter to Roof Tech, dated October 12, 2012, more than three years before filing suit, wherein counsel insists that repairs "have been to no avail" and the roof must be replaced. Bottinelli also introduced a repair log produced by JM in discovery, stating that Roof Tech told "owner" that the roof membrane was failing. We find no clear error in the district court's finding that *contra non valentem* did not apply.

9

Bottinelli makes a related argument that JM's allegedly fraudulent representations that the roof was reparable invoke the continuing tort doctrine. The continuing tort doctrine is another exception to the running of prescription, which is implicated "[w]hen damaging conduct is of a continuous nature, [such that] prescription does not begin to run until the date of the last harmful act." *Scott v. Zaheri*, 14-0726, p. 11 (La. App. 4 Cir. 12/3/14), 157 So.3d 779, 786. According to Bottinelli, JM's representations are ongoing, have not abated, and that prescription has not begun to run. However, as we explain above, Bottinelli fails to allege who at JM made representations or when; its fraud allegations lack sufficient particularity to form the basis of an actionable claim or to toll prescription.[4] This assignment is without merit.

Lastly, addressing the third assignment of error, Bottinelli complains of the district court's comments from the bench that JM was trying in good faith to repair the leaks and "failing" roofing systems. Bottinelli's argument, that these statements constitute reversible error, "fail[s] to take into account the well-settled rule that the district court's oral or written reasons for judgment form no part of the judgment, and that appellate courts review judgments, not reasons for judgment." *Wooley v. Lucksinger*, 09-0571, p. 77 (La. 4/1/11), 61 So.3d 507, 572 (citations omitted). "[R]easons for judgment are merely an explication of the trial court's

---

[4] Bottinelli's ongoing misrepresentation argument is likewise distinguishable from allegations of negligent failure to abate damage from a roof leak, raised in cases where the continuing tort doctrine was found to apply. *Contrast FIE, LLC v. New Jax Condo Ass'n, Inc.*, 16-0843, pp. 28-30 (La. App. 4 Cir. 2/21/18), 241 So.3d 372, 394-95, *writ denied*, 18-0449 (La. 5/25/18), 243 So.3d 544, and *writ denied*, 18-0446 (La. 5/25/18), 243 So.3d 545 (collecting cases). Bottinelli raises no such negligence argument on appeal.

determinations. They do not alter, amend, or affect the final judgment being appealed...." *Id.*, 09-0571, pp. 77-78, 61 So.3d at 572. While a court of appeal is entitled to use reasons for judgment "to gain insight into the district court's judgment" – to the extent such "reasons may, or may not, have been helpful in that regard" – "the job of the appellate court [is] to review the district court's judgment, not its reasons for judgment." *Id.*, 09-0571, p. 78, 61 So.3d at 572. We, thus, find no basis on which to deem the district court's statements reversible error.

Accordingly, for the reasons set forth herein, we affirm the judgment of the district court.

**AFFIRMED**