CITY OF KENNER

VERSUS

DANIELLE A. CALI, JR.

NO. 24-C-506

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

December 03, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** CITY OF KENNER

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE LEE V. FAULKNER, JR., DIVISION "P", NUMBER 832-892

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Stephen J. Windhorst

**WRIT DENIED**

Relator, the City of Kenner, seeks this Court's supervisory review of the trial court's September 26, 2024 judgment which denied relator's peremptory exception of prescription to plaintiff Danielle A. Cali, Jr.'s petition, filed on September 13, 2022, for damages to his home allegedly resulting from a sewer backup that occurred on or about August 29-30, 2021, in conjunction with the weather events caused by Hurricane Ida. For the following reasons, we find no manifest error in the court's ruling and thus deny the writ application.

Plaintiff filed suit against the City of Kenner on September 13, 2022, alleging that he experienced home flooding caused by sewerage backing up into his home following the arrival of Hurricane Ida. He alleged that he had experienced chronic problems before this date, and that he had hired plumbers who had cleared out his sewer line. The petition further alleged that:

Petitioner's neighbor contacted the Wastewater Department on his behalf and requested assistance. On 9/13/21, Earl Simmons of the Wastewater Department performed an inspection of the sewage lines and determined that there was 6" of sand on the City of Kenner side of the sewage line.

Previously, the City of Kenner filed an exception of prescription that was denied. This Court also denied the City of Kenner's writ application. *See City of Kenner v. Cali*, 23-416 (La. App. 5 Cir. 8/29/23) (unpublished writ disposition).

The City of Kenner reurged the exception of prescription after additional discovery was conducted, arguing that plaintiff's answers to interrogatories clearly show that the date of the damage was August 29-30, 2021, and the "date of loss" furnished to plaintiff's insurance company was August 29, 2021. The exception was heard on September 5, 2024. Plaintiff testified at the hearing that he did not know that the City of Kenner had a clog on its side of the sewer line until September 13, 2022, when the aforementioned inspection occurred and plaintiff was notified by a tag on his door, left by Mr. Simmons, of its results and that the clog had been cleared.

Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. *Holmes v. Notary Shoppe, et al, Inc.*, 14-22 (La. App. 5 Cir. 5/28/14), 139 So.3d 1183, 1189.

In reviewing a peremptory exception raising the objection of prescription, appellate courts strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. *Trust for Melba Margaret Schwegmann v. Schwegmann Family Trust*, 09-968 (La. App. 5 Cir. 9/14/10), 51 So.3d 737, 742-43. When a party introduces evidence at a hearing on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard. *Holmes v. Notary Shoppe, et al, Inc.*, 139 So.3d at 1189.

The discovery rule, which is encompassed in the fourth category of *contra non valentum*, provides that "prescription does not begin to run until plaintiff knows sufficient facts and has a reasonable basis for filing suit against a certain defendant." *Wilkerson v. Dunham*, 16-1056 (La. App. 4 Cir. 5/3/17), 218 So.3d 743, 749, *writ denied*, 17-0932 (La. 9/29/17), 227 So.3d 287. *See also McGuire v. Monroe Scrap Material Co.*, 189 La. 573, 180 So. 413 (La. 1938) (In rejecting the defendants' contention that the plaintiff's civil claim against the defendants—for allegedly unlawfully and fraudulently appropriating the plaintiff's property to their own use—was prescribed, the court held that the one-year prescriptive period did not commence to run until the plaintiff obtained knowledge of the defendants' identities.).

Upon review, we find no manifest error in the trial court's judgment which denied the exception of prescription. The court found, as a fact, that plaintiff did not receive information that his cause of action was against the City of Kenner until September 13, 2021, citing plaintiff's own testimony at the hearing on the exception. On the showing made, we see nothing in the writ application indicating that the court's conclusion was manifestly erroneous. Therefore, the court did not err in finding that plaintiff's suit was timely filed on September 13, 2022. This writ application is denied.

Gretna, Louisiana, this 3rd day of December, 2024.

**JGG**
**FHW**
**SJW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **12/03/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-C-506**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED
24th Judicial District Court (Clerk)
Hon. Lee V. Faulkner, Jr. (DISTRICT JUDGE)
Michael L. Fantaci (Relator)          Deborah A. Villio (Relator)
James C. Raff (Relator)

### MAILED
Richard H. Barker, IV (Respondent)
Attorney at Law
601 Poydras Street
Suite 2345
New Orleans, LA 70130