CULPEPPER, Judge.
This is a suit for damages for breach of an inter vivos trust. The district judge sustained an exception of no right of action and dismissed plaintiffs’ suit. Plaintiffs appealed.
The facts show that by an instrument dated July 30, 1964, Mrs. Susan Huber created an inter vivos trust, naming herself as both the principal and income beneficiary. The Calcasieu Marine National Bank of Lake Charles was designated trustee. The trust property consisted of immovable property in Calcasieu Parish and 75 shares of stock in a real estate company. Net income from this property was to be paid by the trustee to Mrs. Huber for her maintenance.
The inter vivos trust terminated with the death of Mrs. Huber on January 16, 1970. She was survived by her only child, Thomas L. Huber, Jr. and his six children (grandchildren of Mrs. Huber), two of whom are now majors.
Mrs. Huber left a will dated September 22, 1965 placing her entire estate in two spendthrift trusts. In the first trust, her son, Thomas L. Huber, Jr. receives one-third of her entire estate in trust. In the second trust, her six grandchildren receive the residue of her estate in trust. The Calcasieu Marine National Bank was named trustee of both trusts. Mrs. Huber’s will was probated, and the succession administered.
By judgment dated July 16,, 1970, the executor’s final account was homologated, the inheritance tax fixed and paid, and the executor discharged. Since the Calcasieu Marine National Bank declined to serve as trustee, Dr. P. J. St. Romain, Jr. was named trustee, and he was recognized as owner in trust of Mrs. Huber’s entire estate. On November 17, 1970, the court ordered Dr. St. Romain relieved as trustee *406 and appointed Mr. Leo G. Abadie, who is now the trustee of both trusts.
The present suit was filed on December 18, 1970. Plaintiffs are (1) Thomas L. Huber, Jr., individually and as the administrator of the estate of his four minor children, (2) the two major children of Thomas L.Huber, Jr., and (3) Leo G. Abadie, as trustee of both testamentary trusts. The petition alleges that Calcasieu Marine National Bank of Lake Charles violated its duty as trustee of the inter vivos trust.
Essentially, plaintiffs allege that at the time of the creation of the inter vivos trust the corpus included two pieces of commercial rental property having a value of approximately $450,000, and they were advantageously leased to produce sufficient rental revenues to satisfy the payments on existing mortgages and, in addition, pay for the maintenance of the settlor, Mrs. Susan Huber. Plaintiffs contend that through the maladministration of these properties by the bank, the rental revenues declined markedly to the point that payments on the mortgages could not be made. And that although ■ the balances due on these mortgages totaled only about $100,000, the trustee failed to avoid foreclosure proceedings by arranging refinancing. As a consequence, the property was finally sold at private sale during the administration of the Succession of Mrs. Huber. Nevertheless, plaintiffs contend that the maladministration of the inter vi-vos trust resulted ultimately in a loss to the estate of Mrs. Huber and to her son and grandchildren who are her heirs and legatees.
The defendant filed several exceptions, one of which is the exception of no right of action sustained by the district court. In support of this exception, the bank cites the following statutory provisions :
LSA-R.S. 9:2081
“A violation by a trustee of a duty he owes to a beneficiary as trustee is a breach of trust.”
LSA-R.S. 9:2221
“A beneficiary of a trust may institute an action:
* * * * * *
(3) To compel a trustee to redress a breach of trust
LSA-R.S. 9:2231
“If a cause or right of action accrues to a beneficiary against a trustee or a set-tlor or both, to a trustee against a beneficiary or a settlor or both, or to a set-tlor against a beneficiary or a trustee or both, the action may be by summary proceeding.”
Under these provisions of the Louisiana Trust Code, the bank argues that a “breach of trust” is defined as a violation of a duty owed by a trustee to a beneficiary. And the only persons who can sue a trustee for a breach of trust are the beneficary and the settlor. Since the plaintiffs in the present case are neither settlors nor beneficiaries of the inter vivos trust, the bank contends they have no right of action. The district judge sustained the exception of no right of action on that basis. We cannot agree.
Assuming that the facts alleged are sufficient to show a cause of action, there can be no doubt that during her lifetime Mrs. Huber, as both settlor and beneficiary of the inter vivos trust, had a right to institute such a cause of action against the trustee for a breach of trust. This cause of action was a property right. On the death of Mrs. Huber, it was acquired by her legal and testamentary heirs by seizin, under LSA-C.C. Articles 940 and 945. During the administration of the succession, the executor was the proper plaintiff to sue to enforce this right of the deceased, LSA-C.C.P. Article 685. However, now that the administration of the succession has been completed and the executor discharged, he no longer has the duty or authority to institute the cause of action, LSA-C.C.P. Article 3392.
*407 Mrs. Huber’s entire estate, including' the cause of action herein sued on, is now in trust. Except in special situations not relevant here, the trustee is the proper plaintiff to sue to enforce a right of the trust estate, LSA-C.C.P. Article 699 and LSA-R.S. 9:2222. We conclude that Mr. Leo G. Abadie, as trustee, has a right of action in the present case.
The remaining plaintiffs are beneficiaries of the testamentary trust, whose corpus includes the cause of action. LSA-R.S. 9:2222 provides that a beneficiary may sue a third party on an obligation owed to the trust estate, in order to protect his own interest, where the trustee “improperly refuses, neglects or is unable for any reason to bring an action against the obligor.” However, in the present case the trustee has filed suit and hence the beneficiaries have no right of action. For this reason, we conclude the exception of no right of action must be sustained as to all plaintiffs except the trustee.
One of defendant’s arguments is that since the judgment, recognizing the testamentary trustee as owner of Mrs. Huber’s entire estate in trust, does not expressly mention the cause of action herein sued on, the trustee has no right to file this suit. We find no Louisiana case which has considered the issue as to trustees in particular. However, in cases involving heirs the courts have consistently held they can file suit on a cause of action which they have inherited, without the necessity of first being formally recognized as heirs and placed in possession of the cause of action by judgment of court. Ownership of the cause of action can be proved in the suit, as any other fact, Catlett v. Catlett, 99 So.2d 135 (La.App. 2d Cir. 1957), and the cases cited therein; Harville v. Campbell, 221 So.2d 273 (La.App. 2d Cir. 1969).
Following the rationale of these cases, it is sufficient in the present case that the trustee be allowed to prove in these proceedings that he owns in trust the cause of action sued on, and therefore has a right of action. We see no reason to require the additional time and expense to amend the judgment in the succession proceedings so as to expressly recognize the trustee as the owner of this cause of action and authorize him to file the present suit.
We conclude that the exception of no right of action was correctly sustained as to all plaintiffs except Leo G. Abadie, as trustee. Mr. Abadie, as trustee, is the proper plaintiff and has a right of action. We express no opinion as to the exception of no cause of action or other issues which were not presented on appeal.
For the reasons assigned, the judgment sustaining the exception of no right of action is affirmed as to all plaintiffs except Leo G. Abadie as trustee. The judgment dismissing the action by Mr. Abadie is reversed and set aside. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendant appellee. Costs in the district court must await a final determination there.
Affirmed in part; reversed in part and remanded.