905 So.2d 1143 (2005)
The TRUST FOR Melba Margaret SCHWEGMANN and Melba Margaret Schwegmann, Beneficiary
v.
THE SCHWEGMANN FAMILY TRUST, The Schwegmann Family Trust No. 2, Through Diane B. Marks and William R. Burge, Jr., Trustees, and John Guy Schwegmann, Laurie D. Schwegmann and Heidi Schwegmann, Individually.
No. 05-CA-95.
Court of Appeal of Louisiana, Fifth Circuit.
May 31, 2005.
*1144 John C. Saunders, Jr., Walter F. Becker, Jr., Douglas L. Grundmeyer, Chaffe, McCall, Phillips, Toler & Sarpy, L.L.P., New Orleans, LA, for Plaintiffs/Appellants, The Trust for Melba Margaret Schwegmann and Melba Margaret Schwegmann, Beneficiary.
Steven O. Medo, Jr., W.T. Tete, Susan Snowden Tete, Medo & Tete, New Orleans, LA, for Defendants/Appellees, Diane B. Marks and William R. Burge, Jr., Trustees of the Schwegmann Family Trust and Schwegmann Family Trust No. 2.
Antonio J. Rodriguez, H. Jake Rodriguez, Fowler, Rodriguez & Chalos, New Orleans, LA, for Defendants/Appellees, John Guy Schwegmann, Laurie D. Schwegmann and Heidi Schwegmann, Individually.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
SUSAN M. CHEHARDY, Judge.
The plaintiffs appeal a judgment dismissing their claims pursuant to the defendants' exceptions of no right of action and no cause of action. We affirm in part, reverse in part, and remand to allow the plaintiffs an opportunity to amend their petition.
Plaintiffs are the Trust for Melba Margaret Schwegmann (hereafter the "Margie Trust") and Melba Margaret Schwegmann Brown, beneficiary (hereafter "Margie Brown"). The defendants are Diane B. Marks and William R. Burger, Jr., Trustees for the Schwegmann Family Trust *1145 and the Schwegmann Family Trust No. 2 (hereafter collectively the "Schwegmann Family Trusts"); and John Guy Schwegmann, Laurie D. Schwegmann, and Heidi Schwegmann, individually (hereafter collectively the "Schwegmann Children"), who are the beneficiaries of the Schwegmann Family Trusts.
The dispute underlying this action arises from the plaintiffs' claims against Margie Brown's brother, John F. Schwegmann, for his actions while he was Trustee of the Margie Trust. Another court has determined that John F. Schwegmann breached his fiduciary duties as Trustee of the Margie Trust by funneling monies belonging to the Margie Trust away from the Trust for his own personal use, depositing the funds into a partnership of which he was a partner, and subsequently establishing trusts for his children with funds owed to the Margie Trust.
In Brown v. Schwegmann, 02-1509 (La.App. 4 Cir. 12/10/03), 861 So.2d 862, writ denied, 04-425 and 04-499 (La.4/30/04), 872 So.2d 489, the Fourth Circuit held that John F. Schwegmann, as Trustee, failed to properly administer the trust for the best interest of the beneficiary, his half-sister, and, as such, was personally liable for the losses sustained by the trust. The court found the trustee failed to properly administer, segregate, and protect trust funds, failed to account annually to the trust beneficiary which would have put beneficiary on notice, failed to distribute the trust funds to the beneficiary when he learned that the partnership managing the family business was in financial trouble, and made loans to himself through the family business by using trust funds. As a result of Ms. Brown's trust funds not being put into a separate account or invested for the sole benefit of the trust, as of March 1, 1997, there was a debt owed to Margie Brown's trust by the Schwegmann partnership of $551,440.86. This debt owed to Margie Brown's trust by the Schwegmann partnership was not secured in any way and the partnership is now in bankruptcy. See Brown v. Schwegmann, 02-1509 at pp. 1115, 861 So.2d at 868-870.
The Fourth Circuit remanded the Brown case to the district court for the matter for a hearing on the issue of damages to be assessed against John F. Schwegmann as his personal liability for breaching his fiduciary obligations as trustee for his sister's trust. According to the plaintiffs' brief, the district court in Brown v. Schwegmann ruled on January 26, 2005, that John F. Schwegmann owes his sister in excess of $5 million dollars for that breach.
However, "in anticipation of achieving a `right without a remedy,'" asserting that John F. Schwegmann is probably insolvent and any award will be practically unenforceable against him, the Margie Trust and Margie Brown filed a petition for declaratory judgment to attempt to recover the funds that John F. Schwegmann funneled into the trusts for his childrenthe case now before us.
The plaintiffs allege that John F. Schwegmann's actions not only were a breach of his fiduciary duties as his sister's Trustee, but also constituted a wrongful act amounting to conversion of trust funds to his own use, and to the use of a third party, his children's trusts. The plaintiffs assert that Louisiana law allows a beneficiary to trace and recover assets taken improperly from her trust, under the principle of a constructive or equitable trust. They contend the improper conversion of Margie Brown's trust funds entitles her to trace those funds into the hands of the third party-here, the trusts established by John F. Schwegmann for his children-and to an accounting of all funds deposited with those trusts, as well as all earnings *1146 therefrom. If such accounting establishes that the funds improperly converted and diverted from the Margie Trust can be sufficiently identified in the hands of either or both Schwegmann Family Trusts, the plaintiffs assert they are entitled to a ruling that all such property is being held in constructive trust for Margie Brown's benefit and that she is entitled to its return.
Out of concern that they will be forced to elect remedieseither pursuing an action against John F. Schwegmann or tracing and recovering the trust propertythe plaintiffs seek a declaratory judgment clarifying the beneficiary's rights to proceed, "in order that they will not be deemed to have elected a remedy prematurely or to have waived any rights to either" route of recovery.
The plaintiffs also seek an order compelling the trustees of the Schwegmann Family Trusts to account fully and in detail as to all funds received by each trust since its inception, all purchases or other transfers or conversions of such funds or their substitute, and all the products thereof and earnings therefrom, in order that the plaintiffs may determine if the original funds or the substitute are sufficiently identifiable, and the extent thereof for comparison to the amount of money damages determined to be due to Margie Brown in her suit against John F. Schwegmann.
Finally, the plaintiffs seek a declaration preserving their right to make a decision of which remedy to elect, in part or in whole, as long as there is no duplication of recovery, after the conclusion of the accounting and the "parallel judicial process," i.e., Margie Brown's suit against John F. Schwegmann.
The defendants filed exceptions of no cause of action, no right of action, and nonjoinder of indispensable parties. The court granted the exceptions of no cause of action and no right of action, finding the exception of nonjoinder moot. In its judgment the court stated,
Defendants each filed similar exceptions to plaintiff's petition, arguing that plaintiff has no cause of action and no right of action under R.S. 9:2221 to compel defendants to make an accounting. Defendants further alleged plaintiff failed to name the original trustees as defendants and the original trustees are indispensable parties to this proceeding. There is no statutory or jurisprudential cause of action of R.S. 9:2221 to which plaintiff can compel the defendants to make an accounting. Further, the court concludes that Louisiana law does not recognize constructive trusts. Plaintiffs, therefore, do not have the capacity to bring this action to compel an accounting under R.S. 9:2221, as they are not beneficiaries of the defendant trusts.
The court also concludes that the objections raised by these exceptions cannot be removed.
On appeal the plaintiffs assert the district court erred in ruling that they did not have a right of action, in concluding the petition failed to state a cause of action, in concluding that Louisiana law does not recognize constructive trusts and, assuming arguendo the district court was correct in ruling that plaintiffs failed to state a cause of action, in concluding that the objections raised by the defendants' objections could not be removed and dismissing the action rather than affording plaintiffs the opportunity to amend.

No Cause of Action
The plaintiffs contend the trial court erred in finding they failed to state a cause of action and in refusing to grant them a chance to amend their petition to correct the deficiency.
*1147 In their petition the plaintiffs referenced La.R.S. 9:2221 as the basis for their claim to have a right against the Schwegmann Family Trusts. La.R.S. 9:2221 provides that a beneficiary of a trust may institute an action (1) to compel a trustee to perform his duties as trustee, (2) to enjoin a trustee from committing a breach of trust, (3) to compel a trustee to redress a breach of trust, and (4) to remove a trustee.
We agree with the trial court's determination that La.R.S. 9:2221 is a remedy applicable by a beneficiary against a trustee of the beneficiary's trust, rather than by a beneficiary of one trust against a trustee of a different trust. Hence, the court did not err in finding that the plaintiffs have no cause of action under La.R.S. 9:2221.
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Cleco Corp. v. Johnson, 01-0175, p. 3 (La.9/18/01), 795 So.2d 302, 304. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Fink v. Bryant, 01-0987, p. 3 (La.11/29/01), 801 So.2d 346, 348.
A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Fink, 01-0987 at p. 4, 801 So.2d at 349. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Jackson v. State ex rel. Dept. of Corrections, 00-2882, p. 4 (La.5/15/01), 785 So.2d 803, 806.
Our legal system provides for fact-pleading rather than notice-pleading, and a petitioner need not state a theory to establish a cause of action:
Louisiana's Code of Civil Procedure establishes a system of fact pleading. As long as the facts constituting a claim are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence; the "theory of the case" doctrine, under which a party must select a theory of his case or defense and adhere to it throughout the litigation, has been abolished.
First South Production Credit Ass'n v. Georgia-Pacific, 585 So.2d 545, 548 (La. 1991).
Although the plaintiffs could not state a cause of action under La.R.S. 9:2221 because neither of them is a beneficiary of the Schwegmann Family Trusts, we find the plaintiffs could amend the petition to state a cause of action to enforce a right of the trust estate.
For example, La.C.C. art. 2298 provides for an action for enrichment without cause:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
Accordingly, the trial court erred in finding that the defect pleaded in the defendant's exception of no cause of action could not be cured.

*1148 No Right of Action
As stated above, La.R.S. 9:2221 provides remedies for a beneficiary of a trust against a trustee. We agree with the trial court's determination that this is a remedy applicable by a beneficiary against a trustee of the beneficiary's trust, rather than by a beneficiary of one trust against a trustee of a different trust in which the beneficiary has no interest. Hence, the court did not err in finding that the plaintiffs have no right of action under La.R.S. 9:2221.
However, La.R.S. 9:2222 provides:
A trustee is the proper plaintiff to sue to enforce a right of the trust estate, except that a beneficiary may sue to enforce such a right, in order to protect his own interest, in an action against:
(1) A trustee and an obligor, if the trustee improperly refuses, neglects, or is unable for any reason, to bring an action against the obligor; or
(2) An obligor, if there is no trustee or the trustee cannot be subjected to the jurisdiction of the proper court. [Emphasis added.]
The plaintiffs argue that they have a right of action under La.R.S. 9:2222, because the defendant trusts are third-party obligors holding property belonging to Margie Brown, and under that statute she clearly is permitted to enforce a right of the trust estate, because she is the owner of the trust principal herself and, hence, is the only one besides her trustee who has a right of action here.
We agree. Pursuant to La.R.S. 9:2222, the plaintiffs here have a right of action against third parties to enforce a right of the Margie Trust's estate.
Thus, the trial court erred in refusing to allow the plaintiffs to amend to remove the objections raised by the exceptions.

Constructive Trust
The plaintiffs argue the trial court erred in concluding that Louisiana does not recognize constructive trusts. Alternatively, they assert the court erred in failing to consider all other possible actions that could provide the plaintiffs with appropriate equitable relief under the facts pleaded.
Plaintiffs assert that the Louisiana Trust Code contains no express prohibition against constructive trusts. On the other hand, we note, the Trust Code states, "Express private trusts are hereby authorized subject to the rules prescribed in this Code." La.R.S. 9:1722.[1] The Trust Code's requirement that trusts be "express" seems to preclude the concept embodied by the term "constructive trust."[2]
La.C.C. art. 4 states, "When no rule for a particular situation can be derived from legislation or custom, the court is bound to proceed according to equity. To decide equitably, resort is made to justice, reason, and prevailing usages."
Given that we are remanding the matter for amendment of the petition, however, we need not rule now on whether the *1149 allegations of the petition establish any claims regarding a "constructive trust."
For the foregoing reasons, the judgment is affirmed in part, reversed in part, and the matter is remanded to permit amendment of the petition pursuant to La.C.C.P. art. 934.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] The Louisiana State Law Institute Comments following La.R.S. 9:1722 state, "This Code does not treat constructive trusts and does not affect the Louisiana jurisprudence on constructive trusts."
[2] We acknowledge this Court's statement, in Schwegmann v. Schwegmann, 441 So.2d 316, 322-323 (La.App. 5 Cir.1984), writ denied, 443 So.2d 1122 (La.), writ denied, 467 U.S. 1206, 104 S.Ct. 2389, 81 L.Ed.2d 347, that "the Louisiana Civil Code prohibits the imposition of a constructive trust on property." However, that statement may be construed as dicta because it was not necessary to decide the case, since we had already determined that the plaintiff had failed to establish a right to recover against the defendant.