NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

25-613

EBONY WILLIAMS, BOTH INDIVIDUALLY AND
AS THE NATURAL PARENT OF MADISON CLAIRE WILLIAMS,
AN UNEMANCIPATED MINOR

VERSUS

U.S. BANK TRUST NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS
OWNER TRUSTEE FOR VRMTG ASSET TRUST

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20250383
HONORABLE SCOTT J. PRIVAT, DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of Candyce G. Perret, Charles G. Fitzgerald, and Gary J. Ortego, Judges.

MOTIONS DENIED. JUDGMENT AFFIRMED.

**Ebony Williams**
**Pro Se**
**100 Saskatchewan Ave.**
**Lafayette, LA 70501**
**(337) 453-6761**
**PRO SE FOR PLAINTIFF/APPELLANT:**
    **Individually and as Natural Parent of**
    **Madison Claire Williams**

**Ryan McCabe**
**McCabe Law Firm, LLC**
**214 Friedrichs Ave.**
**Metairie, LA 70005**
**(504) 782-3436**
**COUNSEL FOR INTERVENOR/APPELLEE:**
    **Valorie Denton Victorian**

**PERRET, Judge.**

Plaintiff/Appellant, Ebony Williams, individually and as the natural parent of Madison Claire Williams, an unemancipated minor, appeals the May 5, 2025 Final Judgment of the trial court dismissing all of Ms. Williams's claims with prejudice in favor of Defendant U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for VRMTG Asset Trust ("U.S. Bank") and Intervenor/Appellee, Valorie Denton Victorian. The trial court did so by granting the peremptory exceptions of res judicata, no right of action, and no cause of action filed by Ms. Victorian. Ms. Williams appeals this judgment and files several additional pleadings in the appellate record.

Ms. Williams's Emergency Motion for Restoration of Possession to the Trust and Enforcement of Federal Judgment Pending Devolutive Appeal was previously denied by this court on October 17, 2025, and her Motion to Supplement and Correct the Appellate Record was denied on December 1, 2025. Ms. Williams filed three additional motions, which were denied on January 14, 2026. Those motions separately sought emergency supervisory jurisdiction, emergency assignment, and expedited interim relief to prevent alleged irreparable public record harm and irrevocable harm to a spendthrift trust.

The remaining three motions that require our attention in addition to a decision on the merits are Ms. Williams's Motion to Strike U.S. Bank Trust National Association as Owner Trustee for VRMTG Asset Trust as a Party, Motion to Strike Unauthorized Filings of Purported Intervenor, and Peremptory Exceptions.

After review, we deny Ms. Williams's motions and affirm the judgment of the trial court.

**FACTUAL AND PROCEDURAL BACKGROUND:**

The most recent iteration of this case begins with Ms. Williams's Ex Parte Petition to Make Judgment Executory Under La.R.S. 13:4242, filed in the Louisiana Fifteenth Judicial District Court on January 17, 2025. Therein, Ms. Williams, individually and as the natural parent of Marie Claire Williams, sought to enforce a judgment rendered by the United States Bankruptcy Court for the Western District of Louisiana on May 19, 2023 (the "May 2023 Bankruptcy Judgment"). The May 2023 Bankruptcy Judgment ordered the Lafayette Parish Clerk of Court to "cancel and erase" several "judgments and mortgages as they pertain to the Debtor, Ebony Williams[.]" Ms. Williams specifically sought to enforce the provision pertaining to a judgment recorded on March 22, 2023, which involved U.S. Bank. Ms. Williams's petition further sought the restoration of the mortgaged property located at 120 Kingswood Drive to The Madison Claire Williams Irrevocable Living Trust ("the Trust"), of which Madison Claire Williams is the beneficiary. It also sought a cancellation of all actions taken by U.S. Bank, including the sale of the Kingswood Drive property and deed recordation.

To understand this appeal, the following factual history is pertinent. Ms. Williams owned property at 120 Kingswood Drive. She mortgaged that property in 2006 to secure a note for $103,000.00. The mortgage was cancelled on August 25, 2016, after being assigned to Wells Fargo Bank, N.A. in 2007.

On April 17, 2018, Ms. Williams created The Madison Claire Williams Irrevocable Living Trust. Ms. Williams transferred the Kingswood Drive property to the Trust. Ms. Williams is named as the Settlor of the Trust, Madison Claire Williams is the beneficiary, and the trustee is MEW Group, LLC. The Trust includes spendthrift provisions.

2

In 2019, a consent judgment was entered to reinstate the mortgage on Kingswood Drive.[1]  Ms. Williams's loan went into foreclosure, and Wells Fargo filed a foreclosure action in the Fifteenth Judicial District Court of Louisiana against Ms. Williams.   Thereafter, the mortgage was assigned to U.S. Bank, who was substituted as the plaintiff in the foreclosure suit.   The Trust was added as a defendant.

While the foreclosure action was pending, Ms. Williams filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on September 26, 2019, in the United States Bankruptcy Court for the Western District of Louisiana.  She did not list the Kingswood Drive property as an asset.  However, U.S. Bank objected to the Chapter 13 plan, asserting it held a security interest in Ms. Williams's property located at 120 Kingswood Drive by virtue of the mortgage dated July 12, 2006, which secured a note in the amount of $103,000.00.  The bankruptcy court entered a consent order on June 2, 2020, which stated:

> [T]he real property located at 120 Kingswood Drive, Lafayette, Louisiana 70501 (the "Property") is not subject to the bankruptcy estate and the Debtor is not required to pay any amounts to Secured Creditor through the bankruptcy as to the Property; and,
>
> IT IS FURTHER ORDERED that the stay imposed by 11 U.S.C. Sect. 362(a) **is lifted IN REM as to the Property and that Secured Creditor may assert any rights it has as to the Property in state court**.

(emphasis added).

Following the lifting of the stay *in rem*, the fifteenth judicial district court proceeded with the foreclosure action and entered a judgment on March 21, 2023. That judgment was rendered in favor of U.S. Bank and against Ms. Williams, *in rem*,

---

[1] This fact is gathered from Ms. Williams's Motion to Cancel Judgments and Mortgages filed with the bankruptcy court and attached as an exhibit to Ms. Victorian's exceptions.

and MEW Group, LLC as Trustee of the Trust for a principal amount owed, $127,428.83, as well as interest of $28,965.01. The trial court also rendered judgment recognizing and enforcing U.S. Bank's mortgage on the property. The judgment specifically ordered that U.S. Bank's rights to enforce the judgment were "IN REM ONLY" and "limited to the collateral (immovable property) for the amount of such judgment." Lastly, the judgment permitted the enforcement of the mortgage by the Sheriff and ordered a Writ of Fieri Facias be issued. This judgment (the "March 2023 Foreclosure Judgment") was not appealed.

Ms. Williams immediately returned to bankruptcy court on April 8, 2023, and filed a Motion to Cancel Judgments and Mortgages alleging that she did not own any immovable property subject to the bankruptcy estate and that she received a discharge on June 7, 2021. Thereafter, she provided a list of liabilities, mortgages, and mortgage assignments she alleged were related to the discharge seeking to have them cancelled "as they pertain to the Debtor[.]" She also alleged that liabilities obtained after her discharge, which relate back to discharged liabilities should be cancelled "as they pertain to the Debtor[.]" This included the assignment of mortgage from Wells Fargo to U.S. Bank and the March 21, 2023 Foreclosure Judgment. Ms. Williams then asserted:

> The continued recordation in the public records of a mortgage, mortgage assignments, and judgments, for which the Debtor has been discharged . . . continues to negatively affect the Debtor's credit rating, prevents the Debtor from realizing a fresh start under the Bankruptcy Code, and is a violation of the discharge injunction for which sanctions may be warranted.

Ms. Williams sought an order directing "the Lafayette Parish Clerk of Court's office to cancel and erase from its records said mortgage/mortgage assignments/judgments listed in the motion as they pertain only to the Debtor."

4

The bankruptcy court granted her motion on May 19, 2023. The judgment "ordered that the Lafayette Parish Clerk of Court is authorized and directed to cancel and erase the following judgments and mortgages as they pertain to the Debtor, Ebony Williams[.]" Pertinent to the current case, the judgment listed:

> h. Judgment dated March 21, 2023, in favor of Plaintiff, U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee for VRMTG Asset Trust, and against Defendants, Ebony Williams, In Rem, and Mew Group, LLC as Trustee Of The Madison Claire Williams Irrevocable Living Trust.
>
> Note: The aforesaid Judgment was rendered in the civil suit entitled U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, AND AGAINST DEFENDANTS, EBONY WILLIAMS, IN REM, AND MEW GROUP, LLC AS TRUSTEE OF THE MADISON CLAIRE WILLIAMS IRREVOCABLE LIVING TRUST, Docket #20185720 Div E, 15th Judicial District Court, Parish of Lafayette, State of Louisiana, and filed in the Lafayette Parish Clerk of Court Mortgage Records on 03/22/2023 under File Number 2023-000086666.

In state court, on August 15, 2023, Ms. Williams filed a Petition for Writ of Mandamus and Rule to Show Cause in a separate docket number, naming Louis Perret, as Lafayette Parish Clerk of Court, and U.S. Bank as Defendants. Ms. Williams sought to compel the clerk of court to cancel the March 2023 Foreclosure Judgment and mortgage. She not only attacked the March 2023 Foreclosure Judgment collaterally, but specifically argued the mortgage and judgment should be cancelled pursuant to the May 2023 Bankruptcy Judgment granting her Motion to Cancel Judgments. The district court heard the case on October 9, 2023, and rendered judgment denying the petition on October 18, 2023. After appeal, this court affirmed that judgment on May 29, 2024. *Williams v. Perret*, 24-23 (La.App. 3 Cir. 5/29/24), 411 So.3d 663.

5

Concurrently, pursuant to the March 2023 Foreclosure Judgment, a sheriff's sale was held on October 11, 2023, with U.S. Bank purchasing the Kingswood Drive property. U.S. Bank, in turn, sold the property to Ms. Victorian via Special Warranty Deed on June 4, 2024, and the deed was filed in the conveyance records on June 24, 2024.

On January 17, 2025, Ms. Williams filed the Ex Parte Petition to Make Judgment Executory Under La.R.S. 13:4242, which forms the basis for the suit now on appeal. Therein, Ms. Williams, individually and as the natural parent of Marie Claire Williams, sought to enforce the May 2023 Bankruptcy Judgment, specifically the portion "which ordered the cancellations of the judgment recorded on March 22, 2023, under file number 2023-0008666[.]" Appellant's petition further sought the restoration of the Kingswood Drive property to the Trust and a cancellation of all actions taken by U.S. Bank, including the filing of a Writ of Fieri Facias, the sale of the Kingswood Drive property, and the sheriff's deed recordation. A hearing on the petition was set for March 10, 2025.

On February 12, 2025, Appellant filed a Petition for Instructions (R.S. 9:2233). However, the petition for instructions was denied on February 19, 2025, with the trial court noting: "This is a writ of mandamus. There must be a hearing. When she files a rule and serves the parties, I will set for hearing."

Thereafter, Appellant filed a Writ of Mandamus on March 7, 2025, to enforce the spendthrift provisions of the Trust and restore possession of the property back to the Trust. She sought the same relief as she did in her petition for instructions, namely, to have the Sheriff sale and special warranty deed declared absolute nullities, to recognize the Trust as owner of the Kingswood Drive property, to have a writ of possession be issued in favor of the Trust, and costs cast to U.S. Bank. Named

6

"defendants" to this filing were U.S. Bank and Ms. Victorian. A hearing was set for May 5, 2025.

On the same day, Appellant filed a Rule to Show Cause making the same allegations. She then filed a Rule for Possession on March 14, 2025. The order provided included both the Writ of Mandamus and the Rule for Possession, which was denied on March 19, 2025. The trial court's notation on the denial states: "Please serve as indicated and the mandamus hearing will be heard on 5/5/25."

On April 7, 2025, Ms. Victorian filed a Petition for Intervention as purchaser of the contested property to defend her title to the property. She filed without leave of court, citing La.Code Civ.P. arts. 1033 and 1092 because U.S. Bank had not filed an Answer. Concurrently with her petition, Ms. Victorian filed and incorporated exceptions of res judicata, no right of action, and no cause of action. Regarding res judicata, Ms. Victorian asserted that all current claims were adjudicated by the bankruptcy judgment and the March 2023 Foreclosure Judgment, and that both are final judgments. Ms. Victorian also argued that neither Ms. Williams nor her daughter had any direct ownership interest in the property and, therefore, had no right of action to bring this lawsuit. Ms. Victorian also argued that Ms. Williams could not seek enforcement of a judgment under La.R.S. 13:4242 because the May 2023 Bankruptcy Judgment was entered by a court in Louisiana with jurisdiction over the parties, not a court outside of Louisiana. Thus, Ms. Victorian claimed that Appellant did not assert a cause of action. Lastly, Ms. Victorian asserted that there was no cause of action for a writ of mandamus based on La.R.S. 9:2233.

On April 17, 2025, Ms. Williams filed a motion for summary judgment asserting that all claims against the corpus of the Trust are barred by law and sought to, again, have the property returned to the Trust. She also argued that U.S. Bank's

7

sale to Ms. Victorian was an absolute nullity because the contract was not made between the Trust and Ms. Victorian. This was denied.[2]

On May 5, 2025, a hearing was held. According to the minutes, Ms. Victorian's exceptions and Ms. Williams's writ of mandamus and costs were before the court. The trial court, according to the transcript, recited that the parties appeared for "Motion for writ of mandamus, costs, and for all general and equitable relief filed on behalf of Ms. Williams" as well as Ms. Victorian's exceptions. Ms. Williams asked the court whether the petition to make executory was part of the hearing, and the trial court responded only that the exceptions had to be heard first. After the hearing, the trial court granted Ms. Victorian's exceptions and dismissed all of Ms. Williams's claims with prejudice. Ms. Williams appeals.

On appeal, Ms. Williams asserts seven assignments of error as follows:

**Decretal Defect and Facial Unenforceability (La. C.C.P. arts. 1918–1919)**

**ASSIGNMENT OF ERROR NO. 1** — The trial court erred by rendering a facially unenforceable final judgment lacking decretal precision under La. C.C.P. art. 1918 (and, insofar as immovable rights are implicated, La. C.C.P. art. 1919), because the decree fails to identify the specific demand(s) adjudicated, the specific exception(s) sustained as to those demands, and the parties/capacities bound—while entering judgment in favor of U.S. Bank Trust (VRMTG Asset Trust), c/o Selene Finance despite no appearance and without a particular description of the immovable.

**ASSIGNMENT OF ERROR NO. 2** — Overbreadth: **Separately Set Matters Swept Into a Blanket "With Prejudice" Dismissal**

The trial court erred by converting an exceptions-first sequencing into a blanket "with prejudice" dismissal of "all claims," thereby sweeping distinct, separately set demands—including the Executory/Enforcement Demand, trust-instructions relief, mandamus enforcement, and possession relief—without a demand-by-demand adjudication specifying what was actually decided and which exception applied to which demand.

---

[2] The trial court noted that Ms. Williams only submitted an order and never requested the motion be set for a hearing.

**ASSIGNMENT OF ERROR NO. 3 — Material Discrepancy Between Oral Ruling and Written Judgment**

The trial court erred by signing a written judgment materially broader than the oral ruling, where the court orally sustained only res judicata and dismissed "these matters," but the written decree sustains plural exceptions, adds futility-based denial of amendment, dismisses "all claims . . . with prejudice," and enters relief in favor of additional parties, creating an overinclusive and misleading preclusive instrument.

**ASSIGNMENT OF ERROR NO. 4 — Improper Mooting/Dismissal of the Executory/Enforcement Demand (Recorded Bankruptcy Cancellation/Erasure Order)**

The trial court erred by using intervenor's exceptions to moot and dismiss the Executory/Enforcement Demand seeking compliance with the Recorded Bankruptcy Cancellation/Erasure Order, thereby neutralizing a binding federal cancellation/erasure directive and impairing the Schedule A/B Preserved Claims without a merits adjudication of the enforcement relief requested.

**ASSIGNMENT OF ERROR NO. 5 — Failure to Give Operative Effect to the Recorded Bankruptcy Cancellation/Erasure Order and to Remedy Continuing Public-Record Publication Burdens**

The trial court erred by failing to give immediate operative effect to the Recorded Bankruptcy Cancellation/Erasure Order and by allowing continuing public-record publication burdens to persist—despite the Executory/Enforcement Demand and ministerial-enforcement posture—while dismissing "all claims … with prejudice" and tolerating a "partial cancellation" framing inconsistent with the recorded federal directive.

**ASSIGNMENT OF ERROR NO. 6 — Improper Sustaining of Res Judicata Given Trust Ownership/Capacity Misalignment and Bankruptcy Administration Posture**

The trial court erred by sustaining res judicata and imposing a blanket with-prejudice dismissal despite the absence of party/capacity identity (given the Trust-ownership and fiduciary/representative capacities asserted) and despite the bankruptcy administration posture reflected in the Recorded Bankruptcy Cancellation/Erasure Order, the Executory/Enforcement Demand, and the Schedule A/B Preserved Claims, resulting in improper preclusion of distinct demands and federally administered rights.

**ASSIGNMENT OF ERROR NO. 7 — Failure to Adjudicate Absolute Nullity of the Derivative FiFa/Deed Chain Stemming from a Canceled/Ordered-Erased Predicate**

The trial court erred by dismissing "all claims … with prejudice" without adjudicating the pleaded absolute nullity of the derivative FiFa/Sheriff's Deed/Special Warranty Deed chain that necessarily depends on predicate instruments canceled of record and ordered canceled/erased, thereby leaving allegedly void acts functionally operative in the public records and possession posture.

**APPELLATE MOTION DISCUSSION:**

Ms. Williams has filed three additional motions on appeal that require our attention. We will address those first.

Peremptory Exceptions:

Ms. Williams filed a motion alleging several peremptory exceptions on appeal, namely: lack of subject matter jurisdiction, res judicata, discharge in bankruptcy, no right of action, and no cause of action. Louisiana Code of Civil Procedure Article 2163 permits the appellate court to "consider a peremptory exception filed for the first time" on appeal when it is filed "prior to a submission of the case for a decision and if proof of the ground of the exception appears of record." Louisiana Code of Civil Procedure Article 927(B) also authorizes the appellate court to recognize peremptory exceptions, apart from the objection of prescription, sua sponte. However, we note that neither of these articles *require* the court to consider Ms. Williams's exceptions raised for the first time on appeal, as the language in La.Code Civ.P. art. 2163 is permissive, not mandatory. *Fla. Gas Transmission Co., LLC v. Tex. Brine Co., LLC*, 22-4 (La.App. 1 Cir. 8/3/22), 348 So.3d 93, *writ denied*, 22-1344 (La. 12/20/22), 352 So.3d 85.

Ms. Williams's concerns raised in her exceptions deal largely with claims of mortgages against her personally, not *in rem*. Ms. Williams's actions in the trial court sought, through various procedural filings, to nullify the March 2023 Foreclosure Judgment, sheriff's sale, and subsequent sale to Ms. Victorian in order

10

to return the Kingswood Property back to the Trust's ownership. These actions all occurred after U.S. Bank proceeded *in rem* against the Kingswood property, not Ms. Williams personally.

We feel this court's opinion on Ms. Williams's assignments of error will sufficiently answer all issues in this case. Therefore, we decline to consider Ms. Williams's peremptory exceptions raised on appeal. This motion is denied.

Motion to Strike Unauthorized Filings of Purported Intervenor:

Ms. Williams's Motion to Strike Unauthorized Filings of Purported Intervenor, seeks to strike all the pleadings in the appellate record filed by Ms. Victorian. Ms. Williams alleges that, because the order for Ms. Victorian's Petition for Intervention was not signed by a judge, she never acquired party status and all pleadings filed on her behalf should be struck. Additionally, Ms. Williams argues that Ms. Victorian's failure to answer the writ of mandamus or rule of possession prevents her from filing exceptions seeking dismissal.

Ms. Victorian filed her Petition of Intervention on April 7, 2025. Ms. Victorian intervened as a third person with an interest in the pending action as a defendant and resisted Ms. Williams's demand in order to "enforce a right related to or connected with the object of the pending action" pursuant to La.Code Civ.P. art. 1091. Interventions are permitted without leave of court when filed prior to "the time the answer to the principal demand is filed." La.Code Civ.P. art. 1033. U.S. Bank never filed an answer to Ms. Williams's suit. Additionally, prior to the intervention petition, Ms. Williams requested the court serve Ms. Victorian with the March 7, 2025 Writ of Mandamus (R.S. 9:2233) and Rule to Show Cause.[3] Ms.

---

[3] Ms. Williams' pleading incorrectly cites to La.R.S. 9:2233.

11

Victorian then intervened and filed exceptions.  As noted by Ms. Victorian, Ms. Williams also actively defended against Ms. Victorian's pleadings, including filing an answer to the petition for intervention and at the hearing on Ms. Victorian's exceptions.

Despite the above, Ms. Williams raises these issues for the first time on appeal. Considering the above, and that "appellate courts generally will not consider issues raised for the first time on appeal[,]" we find no merit to Ms. Williams's assertions. *Mosing v. Domas*, 02-12, p. 11 (La. 10/15/02), 830 So.2d 967, 975; *See also Succession of Clark*, 24-416 (La.App. 3 Cir. 2/19/25), 405 So.3d 1187.

Ms. Williams then argues the merits of this appeal, suggesting that the Kingswood Drive property cannot be alienated from the Trust and that the May 2023 Bankruptcy Judgment canceled the March 2023 Foreclosure Judgment; thus, she argues, Ms. Victorian could not obtain ownership of the property and, therefore, has no right of action in the current case.  For the reasons discussed below in affirming the trial court's judgment, we find no merit to these arguments.

Accordingly, Ms. Williams's Motion to Strike Unauthorized Filings of Purported Intervenor is denied.

Motion to Strike U.S. Bank Trust National Association as Owner Trustee for VRMTG Asset Trust as a Party:

In this last motion, Ms. Williams argues that U.S. Bank cannot be treated as a party because it never responded to any pleadings, never appeared, and "never submitted itself to the court's jurisdiction" citing La.Code Civ.P. art. 2002.  This argument is also made in Assignment of Error Number One.  Louisiana Code of Civil Procedure Article 2002 (emphasis added) states that a "final judgment shall be annulled *if it is rendered*: . . . *Against* a defendant who has not been served with

12

process as required by law and who has not waived objection to jurisdiction, or against whom a valid default judgment has not been taken." Ms. Williams also cites La.Code Civ.P. art. 6 (emphasis added), which states:

> A. Jurisdiction over the person is the legal power and authority of a court to render a personal judgment *against* a party to an action or proceeding. The exercise of this jurisdiction requires:
>
> (1) *The service of process on the defendant*, or on his agent for the service of process, or the express waiver of citation and service under Article 1201.
>
> (2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state.
>
> (3) The submission of the party to the jurisdiction of the court by commencing an action or by the waiver of objection to jurisdiction by failure to timely file the declinatory exception.

First, we note that no judgment has been rendered *against* U.S. Bank in these proceedings. Additionally, U.S. Bank was named by Ms. Williams in her petition and service was ordered on all parties. Ms. Williams also specifically named U.S. Bank as a defendant in her writ of mandamus filed on March 7, 2025, and requested U.S. Bank be served with that pleading. There is no indication service was not procured.

Ms. Williams then argues that U.S. Bank has no remaining interest after the May 2023 Bankruptcy Judgment cancelled its mortgage and cancelled the March 2023 Foreclosure Judgment; thus, she argues, U.S. Bank had no enforceable interest against the Trust, essentially arguing the merits of her claim that the property should be returned to the Trust.

After reviewing the foregoing and for the reasons discussed more thoroughly below regarding the merits, we deny Ms. Williams's Motion to Strike U.S. Bank Trust National Association as Owner Trustee for VRMTG Asset Trust as a Party.

13

**ASSIGNMENTS OF ERROR DISCUSSION:**

Assignments of Error Numbers 1–3:

Ms. Williams's first three assignments of error allege issues with the language of the May 5, 2025 Judgment. She alleges the judgment fails to use proper decretal language as required by La.Code Civ.P. arts. 1918 and 1919, that the judgment should have identified all of her demands separately and indicated why each demand was being dismissed, and that the judgment is broader than the oral reasons given at the hearing on Ms. Victorian's exceptions. For the following reasons, we find no merit to these assignments of error.

Louisiana Code of Civil Procedure Article 1918 provides:

A. A final judgment in accordance with Article 1841 shall be identified as such by appropriate language; shall be signed and dated; and shall, in its decree identify the name of the party in whose favor that relief is awarded, the name of the party against whom the relief is awarded, and the relief that is awarded.

Louisiana Code of Civil Procedure Article 1919 states:

All final judgments which affect title to immovable property shall describe the immovable property affected with particularity.

This article does not apply to judgments in succession proceedings recognizing heirs or legatees and sending them into possession.

The judgment herein meets all requirements of La.Code Civ.P. art. 1918—the exceptions being adjudicated are identified; those exceptions were granted in favor of the mover, identified as Ms. Victorian and U.S. Bank, and against Ms. Williams.; and the relief awarded was stated. Specifically, the judgment states:

The above-captioned matter came for hearing on May 5, 2025[,] on the Peremptory Exceptions of *Res Judicata*, No Right of Action, and No Cause of Action . . . asserted by intervenor Valorie Denton Victorian . . . .

. . . .

14

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that [] Ms. Victorian's Exceptions are sustained, and the Court hereby enters a final judgment in favor of intervenor Valorie Denton Victorian and defendant U.S. Bank National Association, Not in its Individual Capacity But Solely as Owner Trustee for VRMTG Asset Trust and against plaintiff Ebony Williams Both Individually and as the Natural Parent of Madison Claire Williams, an Unemancipated Minor, as to all claims asserted, all as set forth herein.

The judgment then declares that an amendment of the pleadings would not change the outcome, thus, the court was dismissing Ms. Williams's claims with prejudice.

As to identifying her demands separately, the trial court noted that the hearing included the motion for writ of mandamus and "all general and equitable relief filed on behalf of Ms. Williams" and the minor. The judgment indicates the court reviewed all of "Ms. Williams' various filings in this matter" and determined the exceptions should be sustained. Clearly the court determined that granting the exceptions dismissed **all** of Ms. Williams's claims. We find that the judgment before us meets all requirements of La.Code Civ.P. art. 1918.

Furthermore, while the facts herein involve a piece of property and a mortgage, the judgment itself does not affect title to immovable property. In all of her pleadings, Ms. Williams ultimately seeks the return of immovable property to the Trust, as it is presently owned by Ms. Victorian. However, the judgment herein does nothing to change the ownership of that property or affect the title in another way. Louisiana Revised Statutes Article 1919 is simply inapplicable to the judgment at hand.

Ms. Williams also argues that the court could not enter judgment in favor of U.S. Bank because it made no appearance. As previously discussed, we find no merit to this assertion.

15

Lastly, Ms. Williams asserts that the written judgment is "materially broader" than the oral ruling given by the trial court. When ruling in open court, the trial court indicated that it was granting Ms. Victorian's exception of res judicata, which rendered her exceptions of no right of action and no cause of action moot. This is supported by the minutes for May 5, 2025. The written judgment sustains all three exceptions. When discrepancies exist between oral reasons or minutes and the written judgment of the trial court, the written judgment prevails. *See Rodgers v. Rodgers*, 26,093 (La.App. 2 Cir. 9/21/94), 643 So.2d 764. "Additionally, the jurisprudence clearly holds that the trial judge may, within his authority, render a judgment which differs substantially from his prior oral statement. The oral reasons form no part of the judgment." *Id*. at 766. As all three exceptions were before the court and argued on May 5, 2025, we find no issue with the trial court's written judgment differing from its ruling pronounced in open court. We find no merit to this argument.

Assignments of Error Numbers 4 and 7:

Ms. Williams asserts that the trial court erred by procedurally "mooting" and dismissing her claims without consideration of the merits. However, the purpose of a peremptory exception is that exact outcome. "An exception is a means of defense . . . used by the defendant . . . to retard, dismiss, or defeat the demand[.]" La.Code Civ.P. art. 921. The peremptory exception, specifically, which includes the res judicata, no cause of action, and no right of action exceptions filed by Ms. Victorian, serves "to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La.Code Civ.P. art. 923. Thus, by definition, the granting of one of these exceptions would prevent the trial court from considering the merits of Ms. Williams's claims.

16

There is no error in the trial court's failure to consider the merits when a peremptory exception is properly granted.

Assignments of Error Numbers 5 and 6:

Ms. Williams's remaining assignments of error pertain to the trial court's granting of Ms. Victorian's exceptions and dismissal of Ms. Williams's demand for enforcement of the May 2023 Bankruptcy Judgment and her writ of mandamus.

Ms. Williams brought this action on behalf of herself as well as her daughter. The ultimate objective of all the pleadings filed by Ms. Williams is the return of the Kingswood Drive property to the Trust, of which her daughter is the beneficiary.

We agree with the trial court that Ms. Williams has no cause of action, particularly Ms. Williams's petition to enforce a federal judgment canceling mortgages and judgments as they pertain to Ms. Williams in order to cancel a mortgage enforced *in rem*, to restore that property to the Trust, and to cancel the sheriff's deed. The peremptory exception of no cause of action challenges whether the facts alleged in the petition, when presumed true, "can support any remedy under the law." *Stonebridge Health Sys., LLC v. Miller*, 24-684, p. 3 (La.App. 3 Cir. 5/8/25), 416 So.3d 611, 617. The standard of review is de novo. *Id*. at 616.

After reviewing Ms. Williams's petition, along with the May 2023 Bankruptcy Judgment that was both referenced and attached to the petition, we find Ms. Williams does not assert a cause of action. Ms. Williams erroneously asserts that the May 2023 Bankruptcy Judgment was rendered in favor of herself and MEW Group, LLC, the trustee of the Trust. The May 2023 Bankruptcy Judgment clearly directs the Lafayette Parish Clerk of Court to cancel and erase judgments and mortgages as they pertain to Ms. Williams, the debtor. The March 2023 Foreclosure Judgment, filed under mortgage record number 2023-00008666, as listed in the May

17

2023 Bankruptcy Judgment, is an *in rem* judgment. This court noted in *Williams*, 411 So.3d at 9 (quoting *Norwest Bank v. Walker*, 05-1068, p. 1 n.1 (La.App 4 Cir. 5/24/06), 933 So.2d 222, 223 n.1), "An in rem judgment operates directly against property and affects all parties' interest in the property. . . . In contrast, a personal judgment imposes personal liability on a defendant and may be satisfied from any of the defendant's property not exempt from seizure."

While Ms. Williams may be able to enforce the May 2023 Bankruptcy Judgment as to her debts personally, which are listed in that judgment, that is not the relief she seeks. She sought only to have the March 2023 Foreclosure Judgment cancelled, a judgment which did not adjudicate any personal liability. Additionally, the March 2023 Foreclosure Judgment is against both Ms. Williams, *in rem*, and MEW Group, LLC as Trustee of the Madison Claire Williams Irrevocable Living Trust.

Considering the foregoing, we find no error in the trial court's grant of Ms. Victorian's exception of no cause of action.

Next, we will consider whether Ms. Williams, individually and on behalf of her daughter, has a right of action in the remaining proceedings, particularly in the writ of mandamus. The trial court found she does not. "[A]n action can be brought only by a person having a real and actual interest which he asserts." La.Code Civ.P. art. 681. Regarding Ms. Williams in her capacity as representative of her minor daughter, the Trust beneficiary, La.R.S. 9:2222 provides:

> A trustee is the proper plaintiff to sue to enforce a right of the trust estate, except that a beneficiary may sue to enforce such a right, in order to protect his own interest, in an action against:
>
> (1) A trustee and an obligor, if the trustee improperly refuses, neglects, or is unable for any reason, to bring an action against the obligor; or

18

(2) An obligor, if there is no trustee or the trustee cannot be subjected to the jurisdiction of the proper court.

In *Huber v. Calcasieu Marine National Bank of Lake Charles*, 262 So.2d 404 (La.App. 3 Cir. 1972), a trustee and trust beneficiaries sued to enforce a right of the trust estate. The appellate court upheld the grant of an exception of no right of action as to the beneficiaries citing La.R.S. 9:2222, while stating: "Except in special situations not relevant here, the trustee is the proper plaintiff to sue to enforce a right of the trust estate." *Id*. at 407. While recognizing that La.R.S. 9:2222 permits beneficiaries to assert an action to protect its interests, that situation arises when "the trustee 'improperly refuses, neglects or is unable for any reason to bring an action against the obligor.'" *Id*. The court found that circumstance did not exist in the present case because "the trustee has filed suit and hence the beneficiaries have no right of action." *Id*.

As an example of that exception, in *The Trust for Schwegmann v. The Schwegmann Family Trust*, 05-95 (La.App. 5 Cir. 5/31/05), 905 So.2d 1143, the fifth circuit found that the plaintiffs, a beneficiary and the trust, not represented by the trustee, had a right of action under La.R.S. 9:2222, to enforce a right of the trust against an obligor. In this case, the trustee of the "Margie Trust" breached his fiduciary duty and took money from the trust that was then used to establish the Schwegmann Family Trusts. Ms. Brown, the beneficiary of the "Margie Trust," sought to proceed against the Schwegmann trusts in tracing and recovering that money. The court found that the beneficiary had a right of action against the Schwegmann trusts because those "trusts are third-party obligors holding property belonging to Margie Brown [beneficiary], and under that statute she clearly is permitted to enforce a right of the trust estate, because she is the owner of the trust

19

principle herself and, hence, is the only one besides her trustee who has a right of action here." *Id*. at 1148. The trustee in this case was the one accused of improperly handling the trust corpus and had, in a separate case, been determined to have breached his fiduciary duty to the trust.

In the present case, there is no evidence that the trustee refused, neglected, or is unable for any reason, to bring an action against the obligor. It is also clear that the trustee exists and has previously been subjected to the jurisdiction of the proper court when it filed a writ of mandamus against the Lafayette Clerk of Court in *Williams*, 411 So.3d 663.

Accordingly, we find no error in the trial court's granting of Ms. Victorian's exception of no right of action as to Ms. Williams on behalf of Madison Claire Williams, Trust beneficiary.

Regarding Ms. Williams individually, she seeks the Writ of Mandamus to enforce the spendthrift provisions of the Trust in order to have the March 2023 Foreclosure Judgment declared an absolute nullity and the property restored to the Trust. For the reasons discussed above, the trustee is the proper party to bring such a cause of action, not Ms. Williams.

We will also address the trial court's grant of res judicata.

> The purpose of both federal and state law on res judicata is essentially the same; to promote judicial efficiency and final resolution of disputes by preventing needless relitigation. As explained by former Chief Justice John A. Dixon, Jr.,
>
>> It is implicit in the concept of a judicial system that controversies be finally resolved so that parties may enjoy their rights and so that conflicting legal obligations may not be imposed on an individual; litigation must end at some point. Precluding relitigation prevents inefficient use of the courts' resources, reduces the possibility of harassment through vexatious suits, and helps maintain respect for

the judicial proceeds by guarding against inconsistent decisions.

Dixon, Booksh, Zimmering, *Res Judicata in Louisiana since Hope v. Madison,* 51 Tul.L.Rev. 611 (1977), footnotes in quotation omitted.

*Terrebonne Fuel & Lube, Inc. v. Placid Ref. Co.*, 95-654, pp.11–12 (La. 1/16/96), 666 So.2d 624, 631.

Louisiana Revised Statutes 13:4231 sets forth the law on res judicata:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The supreme court in *Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053, set forth five elements to res judicata:

(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

Whether the trial court's grant of Ms. Victorian's exception of res judicata was correct is a mixed question of law and fact. *Fogleman v. Meaux Surface Prot., Inc.*, 10-1210 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, *writ denied*, 11-712 (La.

21

5/27/11), 63 So.3d 995. Factual findings are reviewed for manifest error, while questions of law are reviewed de novo. *Id.*; *See also Sutton v. Adams*, 22-1672 (La. 3/7/23), 356 So.3d 1017. For instance, whether a prior judgment has the effect of res judicata is a question of law. *Fogleman*, 58 So.3d 1057.

Additionally, when a federal judgment is involved, federal law is applicable to determine the res judicata effect on ensuing litigation. *Id*.

> Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). "[A]ny judgment under federal res judicata law, bars a subsequent suit if all of the following tests are satisfied: 1) both cases involve the same parties; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior decision was a final judgment on the merits; and 4) the same cause of action is at issue in both cases". *Terrebonne Fuel & Lube, Inc.,* 666 So.2d at 633, *citing Matter of Baudoin,* 981 F.2d 736 (5th Cir.1993); *Eubanks* [*v. FDIC,* 977 F.2d 166 (5th Cir.1992)].

*Id*. at 1060.

Ms. Williams's petition seeks to enforce the May 2023 Bankruptcy Judgment as it pertains to the March 2023 Foreclosure Judgment, under file number 2023-00008666. After requesting that this portion of the May 2023 Bankruptcy Judgment be enforced, she requests the trial court undo all actions taken by U.S. Bank that relied on the March 2023 Foreclosure Judgment, including the sheriff's sale held on October 11, 2023, and the sheriff's deed recorded under file number 2023-00038237. In her writ of mandamus, Ms. Williams also seeks to undo the Special Warranty Deed in which U.S. Bank sold the property to Ms. Victorian in order to return the property to the Trust.

As discussed above, the May 2023 Bankruptcy Judgment, canceling judgments and mortgages as to Ms. Williams individually has no bearing on an *in rem* judgment affecting the Kingswood Drive property.

As to the remainder of her claims, two final judgments already preclude any attacks on the sheriff's sale and the Special Warranty Deed. The June 2, 2020 bankruptcy consent order, which was never challenged, lifted the stay as to the Kingswood Drive property and permitted creditors to assert rights against it *in rem* in state court. Thereafter, the March 2023 Foreclosure Judgment enforced U.S. Bank's mortgage, *in rem*, and permitted the sheriff's sale, ordering the issuance of a Writ of Fieri Facias. The causes of action Ms. Williams now asserts existed at the time of the March 2023 Foreclosure Judgment and arose out of the transaction or occurrence that was the subject matter of the first litigation. Ms. Williams's main contention is the fact that the Kingswood Drive property belonged to the Trust, which had spendthrift provisions, and prevented creditors, including U.S. Bank, from alienating the property from the Trust. In the March 2023 Foreclosure Judgment, U.S. Bank's mortgage was recognized and enforced *in rem*, and the Writ of Fieri Facias was ordered to be issued. Parties in that suit were U.S. Bank, Ms. Williams, and MEW Group, LLC as Trustee for the Trust.

The March 2023 Foreclosure Judgment is final as it was not appealed and not annulled. While Ms. Williams attempts to assert that the actions of U.S. Bank should be declared an absolute nullity pursuant to La.Civ.Code art. 2030, involving the nullity of contracts, and La.Civ.Code art. 2452, regarding the sale of a thing belonging to another—no party has sought the annulment of the judgment, which is governed by La.Code Civ.P. arts. 2002–2006.

A final judgment shall be annulled if it is rendered:

(1) Against an incompetent person not represented as required by law.

(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid default judgment has not been taken.

(3) By a court which does not have jurisdiction over the subject matter of the suit.

La.Code Civ.P. art. 2002(A). Additionally, while those vices provided for in La.Code Civ.P. art. 2002 can be brought at any time, those in article 2004, require the petition for annulment to be brought within one year of the discovery of the vice. The basis for an annulment under either article has not been pled and does not appear in this record.

As the March 2023 Foreclosure Judgment has not been appealed or annulled, it is final and has dispensed with the challenges to ownership of the Kingswood Drive property.

**DECREE:**

Accordingly, the judgment of the trial court is affirmed and those motions raised by Appellant, Ebony Williams, individually and as the natural parent of Madison Claire Williams, an unemancipated minor, on appeal are denied. Costs of this appeal are taxed to Appellant.

**MOTIONS DENIED. JUDGMENT AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

24